## 809, 810. TAYLOR *v.* VIRGINIA-CAROLINA CHEMICAL COMPANY, and *vice versa.*

In an action by a servant against a master, for personal injuries received through a dangerous condition in the place of employment, the petition should make it appear that the servant had neither actual nor constructive knowledge of the thing complained of. "As to this, the allegation that the servant 'did not know' of a defect is a statement of fact, and is sufficient as alleging actual lack of knowledge. Freedom from implied knowledge can be alleged in the form of a legal conclusion only when the facts set forth show such a state of circumstances as to relieve the plaintiff from such an imputation; otherwise the court will disregard the legal conclusion and give judgment on the facts actually stated."

Action for damages, from city court of Macon—Judge Hodges. September 16, 1907.

Argued January 20,—Decided September 28, 1908.

*Feagin & Urquhart, J. E. Hall,* for plaintiff.

*N. E. & W. A. Harris,* for defendant.

POWELL, J. The main bill complains of the granting of a nonsuit; the cross-bill of the overruling of demurrers, general and special, to the plaintiff's petition. The cross-bill, containing an initial and controlling question, must, under the established rule, be first decided. There was no error in overruling the general demurrer, nor the special demurrers, excepting the one about to be noted. The plaintiff alleged, that while making his rounds as a watchman in the defendant's plant, he stepped upon some sulphuric acid, negligently left on the floor in the path he was expected to walk, and he fell and received severe burns. The only allegation as to the plaintiff's lack of knowledge as to the condition

45

of the floor is contained in the following words: "Petitioner says that he did not know of this fact, could not have known of it by the exercise of ordinary care, and did not have equal means with those of the master for knowing the fact." The petition discloses no reason why the plaintiff could not see the acid on the floor and in his pathway. The facts alleged do not disclose any inferential reason why the danger was not obvious to him. The extract from the case of *Cedartown Cotton Co.* v. *Miles, 2 Ga. App.* 82 (58 S. E. 289), quoted in the headnote, is directly in point. The present petition differs from the one under review in the case of *Southern States Cement Co.* v. *Helms, 2 Ga. App.* 314 (58 S. E. 524), in that the circumstances there alleged inferentially negatived a lack of knowledge on the servant's part, and the special demurrer there was itself imperfect. The plaintiff's testimony explained how it happened that he did not see the acid or know of it, but his pleading did not. The special demurrer to this deficiency in the petition should have been sustained; and the case will therefore be reversed on the cross-bill. Having reversed the case on the cross-bill, on a ruling on a demurrer, it follows that the main bill must be dismissed, and further discussion would be mere obiter. *General Supply Co.* v. *Lawton, 131 Ga.* 375 (62 S. E. 294). We have previously commented on the apparent hardship which the rule sometimes works; but it is the rule.

*Judgment reversed on the cross-bill of exceptions; main bill of exceptions dismissed.*