## 10291. DAY & COMPANY *v.* GRAYBILL.

In an action by a servant against a master for injury from a fall alleged
to have been caused by the turning of a loose and insecure board of a
step when the plaintiff stepped upon it in descending the steps of a
building in which she was working for the defendant, where it did not
appear from the petition that the defendant knew of this condition of
the step, and where the petition alleged that the plaintiff was "daily
and constantly using said steps when working in and about" the
premises, no cause of action was stated; it appearing from the allega-
tions of the petition (construed, as they must be, most strongly against
the plaintiff) that the plaintiff had opportunities equal to those of the
defendant of knowing of the defect in the step. The court erred in
overruling the general demurrer to the petition.

DECIDED DECEMBER 9, 1919.

Action for damages; from Fulton superior court—Judge Pendle-
ton.   December 12, 1918.

*W. O. Wilson,* for plaintiffs in error.

*Westmoreland, Anderson & Smith,* contra.

BLOODWORTH, J.   Mrs. Estelle Graybill sued W. A. Day &
Company for damages resulting from a fall as she descended a
pair of steps in the building where she worked for the defendant.
A general demurrer to the petition was overruled and the defend-
ant excepted.   The 8th paragraph of the petition is as follows:
"It is averred, that defendant had negligently allowed the tread
of the bottom step to become loose and insecure, which was un-
known to the plaintiff, nor had she equal means with the master
for ascertaining this fact, nor had she been warned of this defective
condition of said steps, and that when she stepped on the same
the board turned under her foot and threw her as alleged; that
defendant was negligent in allowing the steps to get out of repair,
making it unsafe for employees to use the same, and negligent in
not inspecting same and warning plaintiff of the defective condi-
tion of the said steps, which could have easily been ascertained
by inspecting same; negligent in not having it repaired and placed
in good order, so that it could be used for the purpose and intent,
especially when defendant knew that plaintiff and other employees
were daily and constantly using said steps when working in and
about the store."   Further than is stated in this paragraph, there
is no allegation of knowledge of the master of the condition of
the steps.   While the plaintiff alleges in this paragraph that she
did not have equal means with the master of ascertaining the

defective condition of the steps, the allegations in the latter part of the same paragraph show that she was "daily and constantly using said steps when working in and about the store."

The allegations in the petition must be construed most strongly against the pleader, and, so construing them, the latter part of the paragraph quoted above shows that the plaintiff had at least equal means with the master of knowing the defective condition of the steps. If the servant "had equal means with the master of discovering the danger, any injury resulting to him would be the result of his own fault." *McDonnell* v. *Central Railway Co.*, 118 *Ga.* 86, 89 (44 S. E. 840). "If both the plaintiff and the defendant had equal opportunities of discovering this patent defect in the appliance on the day the accident occurred, then the defendant would not be liable for an injury resulting therefrom." *Stewart* v. *Seaboard Air-Line Railway*, 115 *Ga.* 628. In the case of *Ludd* v. *Wilkins*, 118 *Ga.* 525, 526 (45 S. E. 429), the injury to the plaintiff's husband was alleged to have been caused by the slipping of a plank. In the opinion it was said: "Let it be conceded that it was negligence on the part of defendant not to have had the plank fastened in some way. It is apparent from the testimony that the plaintiff's husband had equal means with the defendant of knowing that the plank was not fastened, and by the exercise of ordinary care could have discovered this fact. . . Upon one who brings a suit against a master for injuries to a servant it is incumbent to show not only negligence on the part of the master, but due care on the part of the servant; and it must appear that the servant injured did not know and had not equal means of knowing all that which is charged as negligence to the master, and by the exercise of ordinary care could not have known thereof. Civil Code, § 2612 [now § 3131]; *Daniel* v. *Forsyth*, 106 *Ga.* 568 [32 S. E. 621], and cases cited; *Winship Co.* v. *Burger*, 110 *Ga.* 296 [35 S. E. 120]; *DeLay* v. *Ry. Co.*, 115 *Ga.* 934 [42 S. E. 218]." From the above it is apparent that the petition in this case fails to set forth a cause of action against the defendant, and the court erred in overruling the demurrer to the petition. See *Taylor* v. *Virginia-Carolina Chemical. Co.*, 4 *Ga. App.* 705 (62 S. E. 470); *Williams* v. *Atlantic Coast Line Railroad Co.*, 18 *Ga. App.* 120 (89 S. E. 158), and cit.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*