11045.   LEBBY v. ATLANTA REALTY CORPORATION.

No cause of action was stated by the allegations as to the injury to the plaintiff from slipping and falling on the floor of a hallway, upon which he was walking when going from the office of a tenant in the defendant's office building, and which, while he was in the tenant's office, was covered with water preparatory to mopping it, and thus was rendered slick and dangerous to walk upon; it not appearing that there was any culpable negligence on the part of the defendant, or that the alleged danger was not obvious and could not by the exercise of ordinary care have been discovered by the plaintiff. STEPHENS, J., dissents.

DECIDED MAY 21, 1920.

Action for damages; from city court of Atlanta — Judge Bell. October 4, 1919.

*Westmoreland & Smith,* for plaintiff.

*W. E. Roberts, D. W. Blair,* for defendant.

SMITH, J.   R. G. Lebby brought suit against the Atlanta Realty Corporation, alleging, substantially, that the defendant was a corporation of the State of Georgia, with its principal office in the city of Atlanta, and owned, operated, and maintained in that city an office building, known as the Hurt building, the space in which was leased to numerous individuals for hire, the offices being maintained by them for the transaction of their business; that on March 28, 1918, between eleven and twelve o'clock in the day time the plaintiff was in said building, on the seventh floor, for the purpose of consulting a doctor whose office was on that floor, said doctor being a tenant of the defendant; that the plaintiff remained in the doctor's office about thirty minutes, and that when he came out of the doctor's office and started down the hall to the elevator he had taken only a few steps when his feet slipped suddenly from under him, in a manner set out in the petition. The plaintiff further alleged that the tile flooring upon the seventh floor of the building was very smooth and very slick, and that while he was in the doctor's office the said floor was covered with water, preparatory to mopping the same, and the water was allowed

to stand on the floor, causing it to be unsafe and dangerous for any one to walk upon it. He further alleged that he knew nothing of the unsafe and dangerous condition of the said floor, and could not by the exercise of ordinary care have known thereof. He also alleged that he was injured by the negligence of the defendant in the following particulars: (*a*) that the defendant failed to provide a safe place for persons lawfully in said building to walk on, as it was its duty to do; (*b*) that the defendant negligently placed or allowed to be placed on the seventh floor of said building water in sufficient quantity to make the same dangerous and unsafe for walking on, when it knew or should have known that it would render said floor unsafe and dangerous for persons using the same; (*c*) that it allowed water to remain on said seventh floor of said building, rendering it unsafe and dangerous, without maintaining a watchman or some person to warn persons of the dangerous and unsafe condition of the floor, when it knew or should have known of that condition; (*d*) that it ordered or allowed said floor to be sprinkled or wet when it knew or should have known that it would render the floor unsafe and dangerous to so sprinkle or wet it while it was in constant use by persons authorized to be in the building. The petition next sets out the particulars of the plaintiff's injuries, and prays for damages.

The petition fails to set out a legal cause of action against the defendant, in that it fails to allege any culpable negligence on the part of the defendant, and fails to allege any facts showing that the danger, if any, was not obvious and could not by the exercise of ordinary care have been seen and discovered by the plaintiff. The court therefore did not err in sustaining the general demurrer and dismissing the petition. See *Jones v. Candler,* 22 *Ga. App.* 217 (95 S. E. 733).

*Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., dissents.*

STEPHENS, J., dissenting. Where one owns and operates a building wherein offices are leased to tenants, and where the public by express or implied invitation enter for lawful purposes, he is bound to exercise ordinary care in keeping the hallways and approaches to the offices therein safe. Civil Code (1910), § 4420. Where, in the hallway of such a building, the floor, which is constructed of very smooth and slick tile, is allowed to become covered

with water and thus rendered slippery and dangerous to walk upon, such condition of the floor, if permitted in the middle of the day and during business hours and while the building is frequented by persons entering under an implied invitation, may amount to a failure to keep the hallway safe, and thus constitute negligence on the part of the owner or person operating the building. Any one passing along the hallway of such building who is, without any fault on his part, injured by reason of slipping and falling, caused by such negligent condition of the floor, may recover damages for such injuries. He has a right to assume that the floor is safe, and is chargeable with only ordinary care and diligence in observing its condition. Where he has no knowledge of the unsafe condition of the floor, and there is nothing to indicate it other than the bare existence of the water on the floor, and such person, only a half hour before the injury and before the placing of the water upon the floor, has passed over it in safety, it is a question for the jury whether or not under such circumstances such person by the exercise of ordinary care could have discovered the dangerous and unsafe condition of the floor, and thereby prevented the injury. The condition of a tile floor covered with water without anything calling attention thereto is not necessarily patent. It is likely not to attract attention, and may not be observed by one exercising ordinary care.

It cannot be said that the only inference to be drawn from the facts alleged in the petition is that the plaintiff, under the circumstances, could by the exercise of ordinary care have discovered the dangerous condition of the floor and prevented his injury. While the facts alleged may strongly demand this inference, they may nevertheless, on the contrary, authorize the inference that the plaintiff could not by the exercise of ordinary care have discovered such dangerous condition. In Frost v. McCarthy, 200 Mass. (1910), 445, it was held that where a woman went into a store in which she often transacted business and as she entered noticed on the steps mortar or plaster around which she had to pick her way, and after remaining in the store a few minutes she came out and slipped upon the substance upon the steps and was injured, and where there was evidence to warrant the finding that the condition of the steps had existed for such a period of time that the proprietor of the store ought to have known of it, the questions

of negligence on the part of the person injured and the proprietor were for the jury. The court, in that case, speaking through Mr. Justice Rugg, now its eminent Chief Justice, says: "The question as to the plaintiff's due care, although close, was properly submitted to the jury. Albeit she observed the presence upon the steps of the powdered and lumped mortar before she entered, and had to pick her way along and feared that she might slip, the door was open leading into the store and business was in fact being conducted there as usual. An invitation on the part of the defendant was thus held out to customers to enter his store, which to some extent carried an implication of safety, if the invitation was accepted. The principle is too well settled to require a citation of authorities to support it, that mere knowledge of the danger of doing a certain act without a full appreciation of the risk involved is not sufficient to preclude a plaintiff from recovery, even though there may be added to the knowledge of danger a comprehension of some risk. It is still in most cases a question of fact whether, taking into account all the circumstances, including the knowledge and appreciation as well as every other material condition, the plaintiff is guilty of such negligence as to preclude recovery. Such knowledge and appreciation no doubt oftentimes, perhaps generally, constitute weighty evidence of negligence. They do not invariably rise to such clear and conclusive manifestation of want of ordinary prudence as to warrant a court in ruling as a matter of law that there is want of due care. Facts are often present which require the court to say as a matter of law that no person of ordinary prudence would do the act which accompanied the injury. . . The established standard is whether, taking everything into account, the act is one which the common sense of mankind pronounces want of such prudence as the ordinarily careful person would use in a like situation. It is hard to conceive of anything more universally known to be plainly liable to cause a person to slip than ice, yet it has not infrequently been held that knowledge of the presence of ice on the part of one attempting to pass over it, sometimes even when there is another way open, is not such evidence of negligence as to warrant the court in ruling as a matter of law that the person injured by the attempt to get over the slippery place is precluded from recovery by negligence," citing authorities. See also Anjou *v.* Boston Ele-

vated Ry. Co., 208 Mass. (1911) 273; 31 Am. & Eng. Anno. Cases, p. 133, note; L. R. A. 1915F, 572, note.

I am therefore of the opinion that the petition set out a cause of action and was improperly dismissed on general demurrer.