## 14661.  MATTOX *v.* LAMBRIGHT.

Where a complaint for damages alleged, (1) that the plaintiff was a member of the family and one of the tenants of the defendant, and an invitee and guest of another tenant, and as such had the right to use a certain hallway, designed for the use of the tenants and their guests and invitees, in the defendant's apartment-house wherein these tenants resided, over which hallway the defendant as landlord retained possession and control; (2) a dangerous condition in the hallway, by reason of which the plaintiff was injured, with facts which would authorize an inference of negligence on the part of the defendant in reference to such condition, in failing to keep the hallway in a reasonably safe condition for the use of the tenants and their invitees; and (3) that the plaintiff at the time of her injury was in the exercise of all ordinary care and diligence under the circumstances, detailing the facts in reference thereto from which it cannot be said, as a matter of law, that there was a want of ordinary care on her part, but which would authorize the conclusion alleged, a cause of action was set forth, and a general demurrer was improperly sustained.

DECIDED DECEMBER 10, 1923.

Action for damages; from Fulton superior court—Judge Humphries.  May 14, 1923.

A general demurrer was sustained to the action of Mrs. Betty Mattox against W. E. Lambright, a suit for damages, and the plaintiff excepted.  The petition alleged: "At about nine o'clock a. m. on the 15th day of April, 1922, the plaintiff called to see Mrs. B. M. Asbill, wife of B. M. Asbill at their apartment, Apartment No. 24 of the Poncemore Apartment at 831 Ponce de Leon Avenue in the city of Atlanta, Fulton county, Georgia."  "The plaintiff went to the apartment of Mr. and Mrs. Asbill as an invitee and guest of the said Mr. and Mrs. Asbill upon matters of

interest and concern both to Mrs. B. M. Asbill and to herself." "She remained in the Asbill apartment for about thirty minutes, and upon leaving said apartment when she had finished her visit, and immediately upon entering the hallway leading up to said apartment from the outside, the plaintiff's feet shot out from under her and she fell in said hallway just outside the door of the Asbill apartment, and, as she fell, her right hip struck against the edge of the steps leading up from said hallway to the apartment above and against the post at the edge of said steps, and she fell flat upon the floor and broke her right hip-bone near the upper joint, breaking the neck of the femur completely in two." "At the time of said injury the defendant was the lawful owner of said apartment house at Number 831 Ponce de Leon Avenue, and was in lawful possession thereof through himself and through his agents, and had been in possession thereof for some time prior to the injury herein complained of." "The said Mr. and Mrs. B. M. Asbill were, at the time of the injury herein complained of, lawful tenants of said Apartment No. 24 of the Poncemore Apartment, and Mr. Asbill was paying a rental on said apartment of approximately $75 per month, and was occupying said apartment together with his wife, the said Mrs. B. M. Asbill." "The plaintiff was, at the time of the injury herein complained of, a lawful tenant of Apartment No. 35 of said Poncemore Apartment, occupying the same as a member of the family of W. A. Sutherland, who was renting from the defendant said apartment No. 35 at a monthly rental of $110 per month." "The hallway in which the injury herein complained of occurred was a common hallway leading not only to said Apartment No. 24, but also to apartment above said Apartment No. 24, and said hallway was not in the possession and control of the said tenants, or any of them, but remained and was at all times in the possession and control of the owner of said building, whose duty it was to see that said hall was kept in proper repair and in proper condition for the use of said tenants and their guests." "The defendant prior to and at the time of the injury herein complained of did do certain things in connection with said hallway, such as sweeping, cleaning, and lighting same, for the purpose of keeping the same clean and tenantable and in other ways exercised control over said hallway." "Within less than forty minutes prior to the occurrence of the

injury herein complained of, and between the time the plaintiff entered said Apartment No. 24 and the time she left said Apartment No. 24, the defendant, through a duly constituted agent and employee, commonly called the 'janitor,' had placed upon the floor of said hallway leading to and from the Asbill apartment and the apartment of other tenants in the same entrance of the building a liquid flooring covering made of a greasy, slippery substance, which your petitioner understands is commonly called 'liquid wax,' which will hereinafter be referred to as 'liquid wax,' and left the same upon the floor without wiping it off or otherwise drying it up and without notifying Mrs. Asbill or the plaintiff or any one in said apartment of the dangerous condition thus created." "That the result of leaving said liquid wax upon the floor without wiping it up and drying it [off] was to make the floor very slippery and to make it unsafe to walk over, and did create a condition dangerous to all those who attempted to walk over said floor." "The application of the liquid wax to the floor of said hall or passageway, without wiping up or drying off the same, left said floor in a condition not reasonable and proper for the use of persons walking over same." "The act of the defendant through his duly constituted agent and employee of putting said liquid wax upon said floor and leaving it without wiping it up or drying it off, and in failing to notify the tenants and their guests of the danger thus created constitutes a lack of reasonable care and diligence in keeping said hallway safe for the use of parties using the same, both the tenants and their lawfully invited guests." "The defendant failed to use reasonable care and diligence in providing a safe passageway for the tenants of said Apartment No. 24 and their lawfully invited guests at the time of the injury herein complained of, in that the defendant did not apply and wipe off said liquid wax in the manner in which said wax is intended to be applied and wiped off, but applied unreasonably large quantities of the same to the floor of said hallway without wiping it off as it is applied and wiped off by reasonably careful and prudent persons, and did not notify the plaintiff or tenants of said Apartment No. 24 of the dangerous condition thus created." "The defendant was negligent in placing and permitting to be placed upon said hall or passageway leading to Apartment No. 24 a slippery and greasy floor-covering such as liquid

wax." "The defendant was negligent in placing and permitting to be placed upon the floor of said hall or passageway leading to Apartment No. 24 a slick and greasy floor-covering such as the liquid wax referred to and leaving same upon the floor without wiping, or drying it off, without notifying the plaintiff and the occupants of said Apartment No. 24 of the condition of said hall or passageway.

"The defendant was negligent in failing to light said passageway so that the condition of the floor could be easily and readily observed by the exercise of ordinary care and diligence on the part of persons using same, more particularly the tenants of said Apartment No. 24 and their lawfully invited guests and the plaintiff herein." "The defendant was negligent in failing, after the dangerous condition of the floor of said hall or passageway, caused by the presence of large quantities of said liquid wax, came to [his] knowledge, to take such steps as were necessary immediately to place said passageway in a safe condition for the use of the tenants of Apartment No. 24 and their lawfully invited guests." "The defendant was negligent in creating a dangerous and treacherous trap by greasing and slicking the floors of the hall or passageway leading up to said Apartment No. 24 between the time when the plaintiff passed over the same going to the apartment of Mr. and Mrs. Asbill and the time when the plaintiff left said apartment, without giving to Mrs. Asbill or to the plaintiff any notice of said change." "The defendant was negligent in creating through his duly constituted agent and employee a condition of the floor of said hall or passageway leading up to said Apartment No. 24 which unreasonably and unnecessarily endangered the life and limb and safety of persons lawfully using said passageway, including the tenants in Apartment No. 24 and their lawfully invited guests." "The said hall or passageway leading to Apartment No. 24 was so dark at the time of the injury herein complained of that a person using the same would not in the exercise of ordinary and reasonable care and diligence have discovered that said liquid wax was upon said floor.

"The plaintiff was free from all fault and blame in the premises, for the reason that she did not see that the floor was covered with wax, nor was her attention attracted to it, nor could she discover the same in the exercise of ordinary care and diligence,

for the reason that the hall was so dark that the condition of the floor could not be observed so as to tell whether or not any solution such as liquid wax was upon 'said floor." "The plaintiff was free from all fault and blame in the premises and is not guilty of contributory negligence, for the reason that, even if she had known of the condition of the floor of said passageway at the time the injury herein complained of occurred, she could not have used greater care and diligence in walking over the same than she was exercising at the time the injury complained of occurred, and the defendant impliedly held out such floor as being suitable and fit for walking over, and the same was fit and proper when the plaintiff entered the Asbill apartment, and was only rendered slick and treacherous and dangerous and unfit for walking on by the act of the defendant in placing said liquid wax upon same while the plaintiff was in said Apartment No. 24, and the plaintiff had the right to assume that said passageway was in a safe and proper condition and in the same condition as when the plaintiff entered said Apartment No. 24, and to walk on the same in leaving Apartment No. 24, where she had been as a lawful invited guest." "The plaintiff was free from all fault and blame in entering and leaving the premises, for the further reason that the defendant held out said passageway leading to Apartment No. 24 as being suitable for walking on, by knowingly placing and leaving it in the condition in which it was at the time the injury complained of occurred, and the plaintiff assumed and had the right to assume that the defendant would not knowingly place and leave the passageway in a dangerous condition at a time of day [when] in the ordinary course many people would naturally use and were entitled to use the same." "The plaintiff was free from all fault and blame in the premises for the further reason that the passageway in question was the only ordinary means of ingress and egress for guests at the said Apartment No. 24, and was in proper condition when she entered the building, and it was necessary for her to leave said apartment, and she left same exercising every reasonable precaution to walk safely over the passageway in question, and without any knowledge or means of obtaining knowledge, by the exercise of ordinary care and diligence, of the treacherous condition of the hallway, caused by the act of the defendant as above set out between the time when the plaintiff passed over the hallway into

said Apartment No. 24 and the time when the plaintiff left said Apartment No. 24 thirty or forty minutes later." There were other averments of negligence, but these need not be stated. Further allegations are devoted to a description of the injuries received and a statement of the damages claimed.

*Robert P. Jones, W. A. Sutherland, Watkins, Russell & Asbill,* for plaintiffs.

*Etheridge, Sams & Etheridge,* for defendant.

BELL, J. (After stating the foregoing facts.)

We think that the court was in error in dismissing the petition. Under the averments made, the plaintiff had a right to be upon the premises at the place where the injury occurred. She alleges not only that she was a member of the family of a tenant, but went to the apartment of another tenant as an invitee and guest, upon matters of interest and concern to them both. "A landlord is liable to one lawfully present on the rented premises, by invitation of the tenant, for injuries arising from defective construction, or from failure to keep the premises in repair, where the defect is known to the landlord or in the exercise of reasonable diligence could have been known, and the injured person was himself in the exercise of due care." *Ross* v. *Jackson,* 123 *Ga.* 657 (51 S. E. 578). See Civil Code (1910), §§ 3694, 3699; *Crossgrove* v. *Atlantic Coast Line R. Co.,* 30 *Ga. App.* 462 (118 S. E. 694). Where the owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises and approaches safe. Civil Code (1910), § 4420.

It is alleged that the defendant retained the possession and control of the hall where the plaintiff was injured. Where the landlord retains even a qualified possession and general supervision of his building he may be held liable to his tenants, their guests or invitees, for injuries arising from a failure to maintain the building in proper repair or a reasonably safe condition, either if he knew of the defects or if in the exercise of ordinary care he should have known of them. *Monahan* v. *National Realty Co.,* 4 *Ga. App.* 680 (1) (62 S. E. 127).

Ordinarily, before a landlord can be held liable for damages for a failure to keep the premises in repair or in a safe condition,

notice of the defect must be brought home to him; but it is well settled that where he retains a qualified possession of and general supervision over the rented premises either by himself or through an agent in charge, no actual notice of the defective condition is required in order to fix liability for an injury to a tenant or the tenant's guest or invitee, provided the landlord should have known thereof by ordinary care. *Davis* v. *Hall, 21 Ga. App.* 265 (1), 268 (94 S. E. 274). The averments bring the plaintiff within the protection of the requirement by the law of ordinary care on the part of the defendant.

The question next presented is, was the defendant negligent? Perhaps it is true that waxing or otherwise treating the floors in the halls of a building of the nature and uses here described may be proper, and would not amount to negligence when done in the usual and ordinary manner, but the plaintiff alleges that the proper way to use "liquid wax" is to apply it and then "wipe it up or dry it off," and further that "unreasonably large quantities" were applied by the defendant "without wiping it off." We cannot say as a matter of law that the petition does not allege a negligent condition of the floor. In the nature of the averments the question is one for a jury.

Does the petition disclose that the plaintiff could have avoided the consequences of the defendant's negligence by the exercise of ordinary care? If so, the plaintiff cannot recover notwithstanding the defendant's alleged negligence. Civil Code (1910), § 4426. The petition avers that the hall was not lighted so that the condition of the floor could be easily and readily observed; that it was "so dark that the condition of the floor could not be observed so as to tell whether or not any solution such as liquid wax was upon said floor," which was "only rendered slick and treacherous and dangerous and unfit for walking on by the act of the defendant in placing said liquid wax upon same while the plaintiff was in said Apartment No. 24, and the plaintiff had the right to assume that said passageway was in a safe and proper condition and in the same condition as when the plaintiff entered said apartment," only forty minutes before; that she did not know of the dangerous condition and was not warned. The petitioner further alleges that "immediately upon entering the hallway," as she departed from her visit to Mrs. Asbill, her feet "shot out from under her

and she fell in said hallway just outside the door of the Asbill apartment." It cannot be ruled that the plaintiff's stepping out into the darkened hallway was such negligence, if any, as would bar a recovery, since it does not appear that the act would have been attended with any danger, except for the change of conditions occurring without her knowledge within the brief time she had spent in the apartment of Mrs. Asbill.

While it is true that where facts are considered on demurrer and every rational interpretation thereof requires the conclusion, as a matter of law, that there was a want of ordinary care on the part of the plaintiff, the demurrer should be sustained (*Moore* v. *Seaboard Air-Line Railway Co.,* 30 *Ga. App.* 466 (6), 118 S. E. 471); yet questions as to diligence and negligence are peculiarly for the jury, and the court will decline to solve them on demurrer except in plain and indisputable cases. *Columbus Railroad Co.* v. *Moore,* 29 *Ga. App.* 79 (1) (113 S. E. 820). We do not think that the facts set forth in the complaint present such a case. This conclusion is not in conflict with any of the decisions of this court in a number of recent cases to be presently mentioned. We have caused practically the entire complaint to be set forth in detail, in order that the distinction between this case and those may become readily apparent. The cases of *Flournoy* v. *American Hat Mfg. Co.,* 21 *Ga. App.* 599 (94 S. E. 835); *Day* v. *Graybill,* 24 *Ga. App.* 524 (101 S. E. 759); *Ogain* v. *Imperial Café,* 25 *Ga. App.* 415, and *Biederman* v. *Montezuma Mfg. Co.,* 29 *Ga. App.* 589, involved the rights and liabilities incident to the relation of master and servant, and each of them apparently turned upon the theory that the plaintiff employee either knew or had equal opportunities with his master of knowing of the defects complained of. While the plaintiffs in the *Ogain* and *Biederman* cases each attempted to negative this proposition, they did so merely by conclusions which the pleaded facts respectively not only failed to support, but disputed. A nonsuit was affirmed in *Flanders* v. *Atlanta Terminal Co.,* 21 *Ga. App.* 812 (95 S. E. 307), because the plaintiff did not prove the allegation of her complaint that the steps were worn and slick. The sufficiency of the petition was not decided. It might or might not have been subject to demurrer. In *Jones* v. *Asa G. Candler Inc.,* 22 *Ga. App.* 717 (97 S. E. 112), a nonsuit was granted because it appeared from the evidence that

the plaintiff was merely a licensee, and not an invitee as alleged. Furthermore, the object complained of in that case was patent and obvious, and the court took occasion to observe: "In fact the stumbling over the small pile of lumber against the wall seems to have been due to her own carelessness in hurriedly and without looking coming out of the door of Dr. Crenshaw's office. The lumber was evidently there when she went into the office, and no reason appears why she should not have seen it and avoided it in coming out." A careful reading of *Lebby* v. *Atlanta Realty Corp.*, 25 *Ga. App.* 369 (103 S. E. 433), will show that the court concluded (Judge Stephens dissenting) that the defects there in question were also obvious, the petition, according to the opinion of the majority, not alleging "any facts showing that the danger, if any, . . could not by the exercise of ordinary care have been seen and discovered by the plaintiff." The court said further that the petition "fails to allege any culpable negligence on the part of the defendant;" but there was no allegation, as here, that the condition complained of was unnecessary or unusual, or that the water was not placed upon the floor in the ordinary and proper discharge by the landlord of his duty in the care and keeping of the building. In *Hendricks* v. *Jones*, 28 *Ga. App.* 335 (111 S. E. 81), the only complaint made was directed at an insufficiently lighted stairway which the plaintiff deliberately attempted to descend, with knowledge, of course, of the darkness. No defect in the floor or steps was alleged. The facts respectively of *Castleberry* v. *Fox*, 29 *Ga. App.* 35, and of *Avary* v. *Anderson*, 31 *Ga. App.* 402 (120 S. E. 683), are also distinguishable from those of the case at bar. Compare with the former Goddard *v.* Boston & Maine Railroad, 179 Mass. 52; Lyons *v.* Boston Elevated Ry. Co., 204 Mass. 227.

The petition set forth a cause of action, and the court erred in sustaining the demurrer. See *Jones* v. *Tift*, 63 *Ga.* 488; *Archer* v. *Blalock*, 97 *Ga.* 719 (25 S. E. 391); *Mandeville Mills* v. *Dale*, 2 *Ga. App.* 607 (58 S. E. 1060).

*Judgment reversed. Stephens, J., concurs. Jenkins, P. J., concurs specially.*

JENKINS, P. J., concurring specially. The plaintiff invitee, in walking upon the waxed floors maintained by the defendant, assumed all the risk incident and usual to the ordinary condition

of a floor of that kind and character, and likewise assumed all the hazard that might be incident to its usual and proper upkeep and maintenance. I concur in the holding of my colleagues only because elements of alleged negligence appear in this case which differentiate it from the recent cases of this court,—to wit, that the liquid wax was not only applied in unreasonably large quantities, but that the unusual and unnecessary danger thus arising was further augmented by reason of the alleged fact that such unusual quantity of liquid wax had been applied without being subsequently wiped off as was usual, customary, and proper, thus leaving the floor in an unusual and unnecessarily slippery and dangerous condition.