## 20759. MOORE *v.* SEARS, ROEBUCK & COMPANY.

DECIDED FEBRUARY 14, 1931.

*Burress & Dillard,* for plaintiff.

*Alston, Alston, Foster & Moise,* for defendant.

BELL, J. (After stating the foregoing facts.) We think the court erred in sustaining the general demurrer and dismissing the petition. Under the specific facts, it should not be held as a matter of law that the petition failed to show negligence on the part of the defendant, or that the plaintiff was guilty of such negligence or

662

want of care as to bar a recovery. This is not such a plain case that the court may decide it upon the pleadings and without reference to a jury; and the more especially is this true as regards the conduct of the plaintiff, since it is the rule in this State that the plaintiff may have a partial recovery notwithstanding there may have been some degree of contributory negligence on his or her part. See, in this connection, *Wynne* v. *Southern Bell Tel. Co.,* 159 *Ga.* 623 (126 S. E. 388) ; *Samples* v. *Atlanta,* 95 *Ga.* 110, 115 (22 S. E. 135) ; *Woolworth Co.* v. *Wood,* 32 *Ga. App.* 575 (124 S. E. 110) ; *City of Macon* v. *Jones,* 36 *Ga. App.* 799 (138 S. E. 283) ; *City of Rome* v. *Phillips,* 37 *Ga. App.* 299 (139 S. E. 828) ; *McFarland* v. *McCaysville,* 39 *Ga. App.* 739 (3) (148 S. E. 421).

The cases of *Lebby* v. *Atlanta Realty Corp.,* 25 *Ga. App.* 369 (103 S. E. 433), *Ogain* v. *Imperial Café,* 25 *Ga. App.* 415 (103 S. E. 594), *Flanders* v. *Atlanta Terminal Co.,* 21 *Ga. App.* 812 (95 S. E. 307), *Jones* v. *Asa G. Candler Inc.,* 22 *Ga. App.* 717 (97 S. E. 112), *Hendricks* v. *Jones,* 28 *Ga. App.* 335 (111 S. E. 81), *Day* v. *Graybill,* 24 *Ga. App.* 524 (101 S. E. 759), and *Avary* v. *Anderson,* 31 *Ga. App.* 402 (120 S. E. 683), were distinguished in *Mattox* v. *Lambright,* 31 *Ga. App.* 441 (120 S. E. 685), and what was said regarding them in the *Mattox* case might be repeated here. Moreover, if there is any conflict between any of those cases and the more recent case of *Wynne* v. *Southern Bell Tel. Co.,* supra, the last-mentioned case, decided as it was by the Supreme Court, should control. Counsel for the defendant make the point that the petition fails to show negligence in the absence of anything to indicate how long the chain had remained in the condition stated, or that the defendant or its servants knew or might have known of such condition by the exercise of reasonable care. Cf. *Boney* v. *Dublin,* 145 *Ga.* 339 (89 S. E. 197, Ann. Cas. 1918E, 176) ; *Goddard* v. Boston & Maine Railroad, 179 Mass. 52 (60 N. E. 486) ; Lyons *v.* Boston Elevated Ry. Co., 204 Mass. 227 (90 N. E. 419) ; Downing *v.* Jordan Marsh Co., 234 Mass. 159 (125 N. E. 207). There might be some merit in this contention if the petition had not alleged that the *defendant* placed and left the chain as a dangerous obstruction across the doorway. While this allegation appears only in the specifications of negligence, it is positively made, and was sufficient to withstand the attack of a mere general de-

murrer. Cf. *Yellow Cab Co.* v. *General Lumber Co.*, 35 *Ga. App.* 620 (134 S. E. 190).

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*