27640. HOPKINS *v.* BARRON.

DECIDED NOVEMBER 30, 1939.

*A. L. Henson,* for plaintiff.

*McElreath, Scott, Duckworth & DuVall, J. L. Riley,* for defendant.

MACINTYRE, J. W. R. Hopkins brought this suit for alleged personal injuries against H. H. Barron, who dealt in new and used cars and had a staff of mechanics and salesmen for the purpose of carrying on the business. The petition as amended alleged that the petitioner was employed as night watchman to guard and supervise the place during the night hours, and on October 29, 1937, at about eleven o'clock, p. m. was engaged as night watchman on defendant's

premises; that while making his rounds five automobiles drove up on Fair Street immediately in front of the defendant's premises; that certain negroes were boisterous and made sufficient noise and disturbance to attract petitioner's attention; that he thereupon started running in the direction of the noise in an effort to protect defendant's property and to ascertain the cause of the disturbance; that the premises or lot was used to park cars which defendant kept in stock for sale and exchange; that "on the night of the injury the defendant and his employees left a truck parked on said lot. . . During the day previous the employees of the defendant had" done certain described repair work on the truck and "all of the timbers, hardware, irons, and materials which had been cut from the body of the truck were scattered about and near said truck; . . the ground was littered by said parts providing obstruction and entanglements and solid obstructions on the surface of the ground over which any person coming from the watchman's house to Fair Street would have to pass;" that defendant failed and refused to erect on or near the lot any light or lights which would illuminate the ground and disclose to any person walking thereon the dangerous character of the ground as above described; that the lights on Fair, Forsyth, and Whitehall Streets (which bounded the lot) were insufficient to illuminate the premises; that petitioner admonished defendant to provide sufficient lights, there being no lights except the 30-watt light in the watchman's house which was wholly insufficient to disclose any obstructions that might be on the surface of the lot; that buildings obstructed the lights from the streets and prevented them from illuminating the ground, nor was there any other light to illuminate the ground around said truck over which the petitioner "ran" to the point where he thought there was trouble; "and that upon running onto and across said debris he tripped and fell, throwing his entire weight upon his left leg and in such a manner that the left bone of his leg was broken just above the ankle;" that petitioner contributed in no manner any negligence and was entirely free from negligence or fault. That the negligence of the defendant was as follows: "(a) In the placing of said debris in the path over which it was necessary for plaintiff to travel in pursuing his duties as night watchman. (b) In failing and refusing to provide proper lighting in and along the path over which your petitioner

must travel in carrying out his duties. (c) In allowing mechanics and salesmen in his employ to place said debris and obstruction in and along the pathway of your petitioner." That the defendant was guilty of gross negligence in failing to put lights on the premises after being requested so to do, and this negligence was the direct proximate cause of the injury. The defendant's demurrer to the petition was sustained and the plaintiff excepted.

"Under the law the servant or employee is not required to make any special inspection to see the condition of the place furnished to him, but if, by exercising ordinary care, he can discover the condition of it, it is his duty to do so." *Payne* v. *Rivers*, 28 *Ga. App.* 28 (4) (110 S. E. 45). "A servant assumes the ordinary risks of his employment, and is bound to exercise his own skill and diligence to protect himself." Code, § 66-303. Under the allegations in the petition, construed most strongly against the plaintiff, he was not exercising ordinary care when he was "running" across the unlighted lot of the defendant and tripped and fell over the debris. The fact that it was dark was obvious, and in the dark it was manifestly dangerous to go running across the lot when, knowing the use to which the lot was put, there might be debris of the character alleged or other obstructions lying around on the ground. The averment in the petition that he was exercising ordinary care and did not contribute any negligence and was entirely free from negligence was not supported by the facts set forth therein. The petition as amended disclosed that the plaintiff was in charge of the lot during the night, and knew the uses to which it was put. His duty was to patrol the grounds and guard it against trespassers at nighttime. It is charged that the premises were dangerous and unsafe without lights, and one of the acts of negligence alleged is a failure to light up the grounds. "The prime gist of the servant's action against the master is very much akin to that in cases where an invited visitor comes upon the premises of another;" and the duty to him with reference to the condition of the premises "is but a phase of the broader and more anciently-recognized doctrine of the common law that every person who expressly or impliedly invites another to come upon his premises or to use his instrumentalities is bound to use ordinary care to protect the invited person from injury." *Brown* v. *Rome Machine &c. Co.*, 5 *Ga. App.* 142, 150 (62 S. E. 720).. It may therefore be

profitable for us to examine some of the landlord cases akin to the instant case.

This court held that the plaintiff was not exercising ordinary care and her petition was dismissed on general demurrer in *Frierson* v. *Mutual Realty Co.*, 48 *Ga. App.* 839 (174 S. E. 144), where, under the allegations of the petition, it appeared that the plaintiff "approached the defendant's apartment house and *opened* a door therein and *simultaneously stepped into a dark and unlighted basement* (an unlighted stairway leading from the door down to the floor of the basement) and was precipitated to the basement floor." In *Hendricks* v. *Jones*, 28 *Ga. App.* 335 (111 S. E. 81), this court sustained a demurrer to the plaintiff's petition for personal injuries against the hotel in which she lived and said: "She [the plaintiff] became aware that the stairway was not sufficiently lighted for her to safely attempt to descend by it, and that in attempting to use it in the darkness she was not in the exercise of ordinary care." This court also sustained a demurrer to the plaintiff's petition in the case of *Ogain* v. *Imperial Café Inc.*, 25 *Ga. App.* 415 (103 S. E. 594). There it appeared from the petition that the plaintiff was a waitress in the defendant's café and stepped on a "chunk of butter" on a tile floor in an unlighted and dark part of the café, and slipped and fell and received personal injuries. The court cited as controlling authority *Day & Company* v. *Graybill*, 24 *Ga. App.* 524 (101 S. E. 759), which held that the servant's petition set forth no cause of action where it appears that the plaintiff had "opportunities equal to those of the defendant of knowing of the defect [the chunk of butter] in the step." See *Lebby* v. *Atlanta Realty Cor.*, 25 *Ga. App.* 369 (103 S. E. 433); *Biederman* v. *Montezuma Mfg. Co.*, 29 *Ga. App.* 589 (116 S. E. 225); *Ludd* v. *Wilkins*, 118 *Ga.* 525 (45 S. E. 429). See also in this connection *Hamilton* v. *Richmond & Danville R. Co.*, 83 *Ga.* 346 (9 S. E. 670), in which the court granted a nonsuit in an action by a night watchman against a railroad company for personal injuries. There the night watchman in the railroad yard used a platform (which lay within the area of his walk as watchman) appropriated to the transfer of freight, for the purpose of running along it at night in the dark, and in so doing was thrown down and injured by coming in contact with some trucks improperly left upon the platform. The court held that the watchman did so (ran on the

platform) at his own risk, it not appearing that the platform was intended by the company for such a purpose (running upon) or that the watchman had any reason to think it was so intended. The court said: "Certainly he, being present, could see in the dark better than the corporation which trusted to his eyes."

Nor do we think the petition set out a cause of action on the theory that the defendant was negligent in placing, and in allowing mechanics and salesmen in his employ to place, materials taken from a truck in repairing it in the path over which it was necessary for the plaintiff to follow. "Except in case of railroad companies, the master shall not be liable to one servant for injuries arising from the negligence or misconduct of other servants about the same business." Code, § 66-304. Accordingly, here the petition alleged in substance, that the plaintiff was a night watchman in the employ of the defendant (not a railroad company), who dealt in new and used cars in connection with which he used a lot in which he kept used and new cars for sale and exchange, and that while in discharge of his duty as watchman he was injured by falling over certain debris left scattered over the lot by the negligence of *another servant* of the defendant. The acts of repairing the truck and the placing of the materials taken therefrom near and around it upon a part of the lot in question were unquestionably duties, simple in their character, which obviously could be, by the master, safely intrusted to the discretion of the fellow-servant, and the negligence, if any, of the fellow-servant was not imputable to the master. Hence the petition did not set out a cause of action on this theory. *McCosker* v. *Hilton & Dodge Lumber Co.*, 110 *Ga.* 328 (35 S. E. 369); *Davis* v. *Muscogee Mfg. Co.*, 106 *Ga.* 126 (1) (32 S. E. 30); *Holliday* v. *Merchants & Miners Transportation Co.*, 161 *Ga.* 949 (132 S. E. 210).

While it is almost axiomatic in this State that questions of plaintiff's and defendant's negligence and of proximate cause of an injury are questions peculiarly for a jury and can not be determined on demurrer except in plain cases, according to our view the petition failed to state a cause of action and was properly dismissed on demurrer. See *Executive Committee* v. *Wardlaw*, 180 *Ga.* 148 (178 S. E. 55), and dissenting opinion in *Wardlaw* v. *Executive Committee*, 47 *Ga. App.* 595 (170 S. E. 830).

*Judgment affirmed.* *Broyles, C. J., and Guerry, J., concur.*