32186.  MACON ACADEMY MUSIC COMPANY *v.* CARTER.

DECIDED NOVEMBER 13, 1948.

38

*Harris, Harris, Russell & Weaver,* for plaintiff in error.
*Martin, Martin & Snow, George C. Grant,* contra.

GARDNER, J. ■ We will first consider whether the court erred in overruling the demurrer. It is conceded by all that ordinarily questions of ordinary care are for the jury to determine, but where defective conditions of floors are obvious under ordinary circumstances, if ordinary care is employed in using the sense of sight and where such conditions are so obviously dangerous that no person of ordinary prudence while in the exercise of ordinary care would use the floor, then the courts have held that the issue will be resolved against the plaintiff on demurrer. There is a long line of decisions where our courts have held uniformly that where the defect is hidden and would not be obvious to the plaintiff in the exercise of ordinary care, the ques-

tion is for the jury. As illustrative of this line of decisions, see *Mattox* v. *Lambright,* 31 *Ga. App.* 441 (120 S. E. 685); *Moore* v. *Sears, Roebuck & Co.,* 42 *Ga. App.* 658 (157 S. E. 106); *Wynne* v. *Southern Bell Tel. &c. Co.,* 159 *Ga.* 623 (126 S. E. 388); *Firestone Service Stores* v. *Gillen,* 58 *Ga. App.* 782 (199 S. E. 853); *Scott* v. *Rich's Inc.,* 47 *Ga. App.* 548 (171 S. E. 201); *Woolworth Company* v. *Wood,* 32 *Ga. App.* 575 (124 S. E. 110); *Parsons* v. *Sears, Roebuck & Co.,* 69 *Ga. App.* 11 (24 S. E. 2d, 717); *Colonials Stores* v. *Scholz,* 73 *Ga. App.* 268 (36 S. E. 2d, 189); *Rothschild* v. *First National Bank of Atlanta,* 54 *Ga. App.* 486 (188 S. E. 301); *Holloman* v. *Henry Grady Hotel Co.,* 42 *Ga. App.* 347 (156 S. E. 275); *Southern Grocery Stores* v. *Braun,* 57 *Ga. App.* 31 (194 S. E. 219); *Southern Grocery Stores* v. *Greer,* 68 *Ga. App.* 583 (23 S. E. 2d, 484); *Mandeville Mills* v. *Dale,* 2 *Ga. App.* 607 (58 S. E. 1060). There are other decisions to the same effect. We have called attention to those cited above because they are the ones which distinguished counsel for both parties have cited and discussed. We see nothing to be gained by our discussing them. It is agreed that the facts in those cases made the negligence alleged a question of fact for the jury. The plaintiff relies particularly on the facts of the cases of *Rothschild* v. *First National Bank of Atlanta,* supra, and *Mattox* v. *Lambright,* supra, as being peculiarly applicable to the facts of the instant case, and contends that the court did not err in overruling the demurrer. There is a line of cases, however, which hold, as above stated, that where a defective condition of a floor is so obvious, under ordinary circumstances, if ordinary care is employed, and such conditions are so obviously dangerous that no person of ordinary prudence would use the floor, the question as to whether the plaintiff exercised ordinary care for his or her own safety, will be decided by the court as a matter of law.

The defendant relies for reversal on this latter line. And relies particularly on the case of *Lebby* v. *Atlanta Realty Corp.,* 25 *Ga. App.* 369 (103 S. E. 433), and contends that the allegations of fact in the instant case come peculiarly within that line of decisions; and is controlled by the opinion of the court under allegations of fact as in that case; and that the instant case is so palpably similar to the allegations in the *Lebby* case as to

be controlling here; and that the judge erred in overruling the demurrer; and that the case should be reversed. The *Lebby* case is the only one cited and discussed by counsel for the defendant or by counsel for the plaintiff, as to that matter, on the question of the defect being so obviously dangerous that no person of ordinary prudence in the exercise of ordinary care would use the floor. As to the allegations of fact in the *Lebby* case, we will make this observation only: In that case the floor was a tile one and the substance was put upon the tile floor, which had no absorbing propensities and which we think could be more easily seen than could the substance put upon the wooden floor in the instant case which had absorbing qualities. Here the floor was a wooden one and it is alleged that the wooden floor had absorbed a great quantity of the liquid substance put there for mopping purposes. It is alleged in the instant petition, in effect, that the wooden floor had absorbed the liquid substance to the extent that it did not obviously appear dangerous to an ordinarily prudent person in the exercise of ordinary care. And it is further alleged in effect that the wooden floor, after so absorbing the liquid, was left slick and caused the plaintiff to fall and receive the injuries of which she complained. In our opinion the court did not err in overruling the general demurrer to the petition as amended.

As to the general grounds, while the evidence is conflicting in some particulars, we think it sufficient to sustain the verdict. It follows the allegations of the petition, and since we hold that the petition set forth a cause of action, it necessarily follows that if there was any evidence to sustain these allegations, the court should not reverse it. The case should not be reversed on the general grounds.

Special ground 1 assigns error first, because the judge erred in failing to state in his charge the contentions of the parties. Special ground 2 assigns error because the court did not charge the three defenses of the defendant: (a) that the defendant was not negligent, and (b) that if it was, the plaintiff could, by the exercise of ordinary care, have avoided the consequences of such negligence, after the same was apparent or should have been apparent, in the exercise of ordinary care; (c) that the plaintiff was negligent and was not in the exercise of ordinary

care and diligence; and special ground 3 because the court erred in the following charge: "Now, the written contentions of the plaintiff are set out in the plaintiff's petition and the amendments which she has filed, and likewise the written contentions of the defendant are set out in the defendant's answer. These papers have no probative value; they are not evidence in the case, but they will be out with you and they should be referred to by·you for the contentions of each of the parties. You have heard the evidence in the case and you are familiar with the contentions of fact by the respective parties. Therefore, I will not attempt to review or summarize all of those contentions, except insofar as it is necessary to give you the law applicable to this case." Error is assigned on this ground: (a) because it failed to state plainly and distinctly the contentions of the parties, and (b) that it was the only portion of the charge in which the court undertook to refer to the contention of the parties and under the facts of this case it was reversible error to fail to state such contentions.

It appears that these contentions are not sound and advance no legal reason why the judgment should be reversed. See, in this connection, *Hogan* v. *Hogan,* 190 *Ga.* 555 (2) (9 S. E. 2d, 891). See also *Varn* v. *Bloodworth,* 157 *Ga.* 300 (121 S. E. 380); *Bray* v. *C. I. T. Corp.,* 51 *Ga. App.* 197 (179 S. E. 925); *Akins* v. *Parker,* 199 *Ga.* 273 (34 S. E. 2d, 168); *Hunt* v. *Pollard,* 55 *Ga. App.* 423 (190 S. E. 71). These grounds require no reversal.

■ Special grounds 4, 5, 6, 7, and 8 will be considered together. They refer to excerpts from the charge of the court. In dealing with these assignments of error it is necessary in order to get a clear view, to keep in mind the three defenses which are contained in the further answer of the defendant after answering allegations of the plaintiff's petition. We set them out verbatim in the beginning during the course of stating the facts in the case. All of these questions refer to and are hung around these defenses contained in the defendant's further answer. And these three defenses are separate and distinct legal defenses. *Central Railroad Company* v. *Harris,* 76 *Ga.* 501. We shall quote the charge as contained in these special grounds, and we shall insert in their chronological order those portions of the judge's charge that we think are applicable to these defenses and on which por-

tions of such charge the defendant makes no assignments of error:

"Ground 4: Now, I charge you that should you find that there was negligence by both parties, that is, the plaintiff and the defendant, and you find that this was concurrent and contributed to the alleged injuries; but you find further that the plaintiff's negligence was less than the defendant's negligence, a recovery by the plaintiff would not be barred, but her damages should be diminished by an amount proportioned to the amount of fault attributable to her. Provided, however, that by the exercise of ordinary care and diligence, the plaintiff could not have avoided the consequences of the defendant's negligence after it became apparent, or in the exercise of ordinary care, could have been discovered by the plaintiff. If the plaintiff in the case, by the exercise of ordinary care, could have avoided the consequences to herself caused by the negligence of the defendant, where that negligence became apparent to her or by the exercise of ordinary care upon her part she could have become aware of it, the plaintiff is not entitled to recover. However, if the plaintiff, by the exercise of ordinary care, could not have avoided the injury to herself caused by the defendant's negligence, then, notwithstanding that, should you find she may have been partly at fault, if her negligence was less than the defendant's negligence the plaintiff would be entitled to recover, but the amount of the verdict in her favor should be diminished by you in proportion to the amount of fault attributable to her. But if the negligence upon her part was equal to or greater than the defendant's negligence, the plaintiff would not be entitled to recover.

"[Not excepted to]: I caution you again, gentlemen, that when I use the term 'negligence' that is for you to determine whether or not either or both of the parties were negligent. The court has no opinion as to any of the facts in the case.

"Now, should you find, by a preponderance of the evidence, the defendant was negligent as alleged in the petition and such negligence was the proximate cause of her injuries, whatever they were, you would find for the plaintiff; provided the plaintiff, by the exercise of ordinary care, could not have avoided the consequences of defendant's negligence, if any, after it became apparent or should have become apparent to her in the exercise

of due care. Should you find the defendant was not negligent in any of the particulars as alleged, you would find for the defendant.

"6. Should you find that the defendant was negligent, but that the plaintiff could have avoided injury to herself by the use of ordinary care, and that she did not exercise ordinary care for her own safety, after the negligence, if any, of the defendant became apparent to her or in the exercise of ordinary care she could have become aware of it, you would find for the defendant.

"7. Now, should you find the plaintiff suffered injuries, but that such injuries were not proximately caused by the negligence of this defendant, you would find for the defendant.

"[Not excepted to]: I charge you that should you find that the dangerous condition of the floor, if it was, was plain and obvious to the plaintiff by the use of her senses, or in the exercise of ordinary care it should have been, and you further find that the plaintiff used that part of the floor that was obviously dangerous to her, if it was, you would find for the defendant.

"8. Should you find, by a preponderance of the evidence that the defendant negligently maintained the floor used by plaintiff in a dangerous or slippery condition, and such condition was not obvious and that by the exercise of ordinary care, she could not have discovered it, you would find for the plaintiff such damages as were proximately caused by defendant's negligence, if any."

Succinctly, the three definitions are: (a) the defendant was not negligent; (b) the plaintiff was negligent; (c) that if the defendant was negligent, the plaintiff could have avoided the consequences thereof by the exercise of ordinary care. The gist of the defendant's contention is that the court charged his defenses in such a way and in such close proximity to each other and without explanation of the defenses, that the jury became confused and the defendant was deprived of the effect of his defenses. The case chiefly relied on by the defendant is the case of *Americus, Preston &c. R. Co.* v. *Luckie,* 87 *Ga.* 6 (13 S. E. 105). Since the rendition of the opinion in that case which has become famous on the question presented here by reason of having been referred to so many times, and by the further reason that the judges of the appellate courts have in following decisions

concerning the question, commented quite at length and quoted, often disagreeing among themselves as to whether charges in following cases as applied to the facts in those cases, require or did not require a reversal. The charge in that case has been quoted and discussed in comparison with the charges on the subject since that time. Among those cases is *Macon Railway & Light Co.* v. *Streyer*, 123 *Ga.* 279 (51 S. E. 342). We will quote the charge of the trial court in the *Streyer* case as being typical of an erroneous charge as to defendant's defenses. We will not quote all the other cases to which we will hereinafter call attention. The charge was: "If the evidence shows that [plaintiff's] own negligence caused the injury alleged, she could not recover, though you may believe from the evidence that she was injured and that the company was likewise negligent, provided you believe that the plaintiff's negligence . . was greater than the negligence of the defendant company. . . " The court said there that the charge was erroneous "in that it states in immediate connection with each other, without proper explanation, two distance rules of law qualifying the former by the latter." We will call attention to several other cases discussing this question. In *Columbus Railroad Co.* v. *Peddy*, 120 *Ga.* 589 (4) (48 S. E. 149), the court said: "A charge that 'Although the railroad company may have been negligent in running its cars at a greater rate of speed than the law permits it to do, yet if the plaintiff could have avoided the accident by the use of ordinary care and prudence upon her part, then she would not be entitled to recover; but if the defendant was negligent and the plaintiff was negligent, then the doctrine of contributory negligence would come in,' is erroneous in that it states in immediate connection with each other, without proper explanation, two distinct rules of law, thus qualifying the former by the latter, which is not the purpose of the statute." This last case is typical of an erroneous charge. Further, upon the subject, see *Central of Georgia Railway Co.* v. *Cooley*, 44 *Ga. App.* 118 (160 S. E. 812); *Georgia Ry. & Power Co.* v. *McElroy*, 36 *Ga. App.* 143 (136 S. E. 85); *Atlantic Coast Line R. Co.* v. *Anderson*, 35 *Ga. App.* 292 (133 S. E. 63). See also *Shackelford* v. *Ridley*, 71 *Ga. App.* 568 (31 S. E. 2d, 429); *Pollard* v. *Harris*, 51 *Ga. App.* 898 (181 S. E. 593); *Berry* v. *Jowers*, 59 *Ga. App.* 24 (200 S. E. 195). In these latter three

cases, the question before us has been discussed in the light of the *Luckie* case. It is quite interesting to study the decision of the Court of Appeals in *Atlantic Coast Line Railroad Co.* v. *Anderson,* supra. Judge Bell rendered the decision in that case and went into the question before us at length and exhaustively. We will not here go into a discussion of the difference between a suit against a railroad company and the instant case. The burden of the whole matter before us is to determine whether under the facts of the instant case the court committed reversible error in its charge in the light of the principles of law as set forth and applied in the cases which we have cited above. To this end we have set out herewith in detail the allegations of the plaintiff's petition, and defenses of the defendant, and portions of the charge of the court pertaining to the issues made by the pleadings and the evidence. While we did not set out the evidence, as we have stated, the evidence of the plaintiff sustained the allegations of the petition. We have set out, also, two charges of the trial court pertaining to the question before us which are typically erroneous. Let us then analyze the charge of the court in the instant case in order to see whether the charge is erroneous. We must look to the charge as a whole and not to any excerpt or excerpts from it. We can come to no other conclusion but that the portion of the charge excepted to as being erroneous and the portion of the charge we have set out in connection therewith, to which no exceptions were taken, should be considered together as a whole and not be torn apart. In reading the charge, it can not be successfully contended or reasonably inferred that the court did not charge the first of the defendant's defenses, to wit, that unless the negligence of the defendant was the proximate cause of the injury, the plaintiff could not recover. As to its second defense,—that the plaintiff was the author of her own injuries, for she failed to exercise ordinary care, let us analyze the charge to determine whether this defense was charged separately and distinctly without being confused with the charge on either of the other defenses. This is exception 7 to the charge as set out in special ground 7. This is what the court charged as to this defense: "Now, should you find the plaintiff suffered injuries, but that such injuries were not proximately caused by the negligence of this defendant, you would find for the defend-

ant." Immediately following this excerpt from the charge on which error was assigned, the court charged further, and to which further charge there are no exceptions. That part of the charge is this: "I charge you that should you find that the dangerous condition of the floor, if it was, was plain and obvious to the plaintiff by the use of her senses, or in the exercise of ordinary care it should have been, and you further find the plaintiff used that part of the floor that was obviously dangerous to her, if it was, you would find for the defendant." The portion excepted to in ground 7 is to the effect that if the plaintiff did suffer injuries but it was not by the negligence of the defendant, she could not recover. The only fair interpretation of this is that if her own failure to exercise reasonable care was the cause of her injury, she could not recover. We think any fair-minded juror would put this interpretation on this language. But the court did not leave the question there, but immediately followed it with that portion of the charge above set forth to which there was no exception. In other words, he amplified further the law applicable to this defense of the defendant because he further stated "if the jury found that the condition of the floor was plain and obvious to the plaintiff by the use of her senses or in the exercise of ordinary care, it should have been, and if the plaintiff used that part of the floor that was obviously dangerous to her, he would find against her and for the plaintiff." This was but an amplification of this defense to the extent that if the injuries which the plaintiff was alleged to have received were due to her own lack of care, she could not recover.

Now as to the third defense of the defendant to the effect that if the defendant was negligent, and the plaintiff discovered the negligence or in the exercise of ordinary care could have discovered it, and could have avoided the negligence of the defendant by the exercise of ordinary care, she could not recover. It seems clear to us that the law applicable to the third defense of the defendant was charged clearly, and sufficiently distinctly from any other defense of the defendant. And the charge as to this defense did not qualify any other defense. Further, the court charged, and correctly so, that if the parties were equally negligent, or the negligence of the plaintiff was greater than that of the defendant, the plaintiff could not recover, and that

if both parties were negligent, and that of the plaintiff was less than that of the defendant, the plaintiff could recover, but the recovery must be diminished proportionately to the plaintiff's negligence; and provided that by the exercise of ordinary care and diligence, the plaintiff could not have avoided the consequences of the defendant's negligence after it became apparent, or in the exercise of ordinary care, could have been discovered by the plaintiff. In conclusion, and after a careful consideration of the facts in this case, and the charge of the court, the vices in the charges in the cases of *Luckie*, supra, *Streyer*, supra, and *Petty*, supra, and others which we have cited, do not inhere in the charge in the instant case. These special grounds show no reversible error.

The assignments of error in special ground 9 are not argued, and therefore are abandoned.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*