35959. YOUNG WOMEN'S CHRISTIAN ASSOCIATION *v.* BARNETT.

DECIDED. FEBRUARY 8, 1956.

Haas, White & Douglas, George A. Haas, for plaintiff in error.
John L. Respess, Jr., F. L. Breen, contra.

NICHOLS, J. 1. The defendant demurred to the following portion of the petition as being a conclusion of the pleader and unsupported by pleaded facts: "and the aforesaid wax and polish was transparent and invisible and petitioner was therefore unable to observe same." Assuming but not deciding that the allegation "and petitioner was therefore unable to observe same" is a conclusion of the pleader, the allegation "and the aforesaid wax and polish was transparent and invisible" was an allegation of fact, and the ground of demurrer is therefore without merit.

2. The defendant demurred to the following allegations of the petition as being insufficient to show that the plaintiff was in the exercise of ordinary care at the time of receiving the injury complained of, "and petitioner was therefore unable to observe same."

"In an action for damages for the alleged negligence of the defendant in a case like the present, it is not necessary for the plaintiff to negative any negligence or want of ordinary care on her part. This is a matter of defense, and in such a case the petition in this respect will be good, unless from the averments made it affirmatively appears that the injuries were the result of the plaintiff's own negligence or failure to exercise ordinary care." Woolworth Co. v. Wood, 32 Ga. App. 575 (2) (124 S. E. 110).

3. The defendant contends that the allegations of the petition do not state a cause of action against it and therefore its general demurrer should have been sustained by the trial court and the petition dismissed. There have been many cases in Georgia where a person has slipped and fallen and the appellate courts have held

324

that the petition was subject to general demurrer because it affirmatively appeared that the plaintiff was not in the exercise of ordinary care at the time of the fall. For discussions of some of these cases see *Mattox* v. *Lambright*, 31 *Ga. App.* 441 (120 S. E. 685) ; *Macon Academy Music Co.* v. *Carter*, 78 *Ga. App.* 37 (50 S. E. 2d 626) ; *Pilgreen* v. *Hanson*, 89 *Ga. App.* 703 (81 S. E. 2d 18). In the present case, however, it does not affirmatively appear that the plaintiff was not in the exercise of ordinary care at the time of the fall. "Questions as to diligence and negligence, including contributory negligence and what constitutes the proximate cause of an injury complained of, are peculiarly questions for the jury, and this court will not solve them on general demurrer unless they appear palpably clear." *Mason* v. *Frankel*, 49 *Ga. App.* 145 (2) (174 S. E. 546) ; *Duren* v. *City of Thomasville*, 92 *Ga. App.* 706, 708 (89 S. E. 2d 840).

Accordingly, this ground of demurrer is without merit, since it does not appear palpably clear that the plaintiff's fall was due to her own negligence, and the trial court did not err in overruling the defendant's general demurrer to the petition.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*