### 25477. ROTHSCHILD *v.* FIRST NATIONAL BANK OF ATLANTA.

DECIDED NOVEMBER 7, 1936.

*Herbert J. Haas, Joseph F. Haas, J. Kurt Holland, Hewlett & Dennis,* for plaintiff.

*Neely, Marshall & Greene, W. Neal Baird,* for defendant.

GUERRY, J. The present writ of error brings before this court a judgment sustaining a demurrer to the petition of Mrs. Rothschild against the First National Bank of Atlanta, for alleged personal injuries sustained by her because of certain acts of negligence of the defendant, and a consequent order of dismissal of the petition. According to the allegations of the petition, Mrs.

Rothschild, at the time of the injury and for many years before, was an employee of the firm of Haas & Haas. This firm occupied several offices in the First National Bank building as a tenant of the defendant. Under its lease contracts the defendant retained complete control over the building and offices for the purpose of maintenance and repair, and maintained a large crew of persons for the specific purpose of keeping the building clean and in good repair at all times. These employees, among other duties performed by them, washed windows in the offices, and cleaned and waxed the floors of the offices. Mrs. Rothschild, on a certain day, entered one room of the office space occupied by her employee, to close a safe therein. After closing this safe, she turned to leave it, when her foot slipped from under her, causing her to fall. She sustained serious named injuries. The petition set out further: "That the floor in the office in which petitioner fell consists of wooden floor boards, and that a part of the floor on which your petitioner slipped had become out of repair and was worn slick, and was partly covered with a thick mass of a greasy substance which consisted of an accumulation of oils and greases which the defendant had used and applied on said floor over a period of years. Over said worn parts, and over said greases and oils, your defendant had allowed and permitted said floors to be waxed by its employees with a floor wax. That the combination of the three named conditions, namely, the worn condition of the floor, the accumulation of oils and greases, and the application of wax over these greases, any one of which conditions was sufficient in itself to make the floor unsafe, and all of which conditions were known to the defendant, rendered the floor very slick and dangerous to walk upon. . . That the floor at the place where she fell, from a casual inspection, only looked to her as if the varnish had worn off, and there was nothing which would indicate to her that it was slick, slippery, or in any way dangerous to walk upon, and said condition could not have been discovered by her in the exercise of that degree of care which the law imposed on her, but could have been known to defendant by the exercise of ordinary care; that the slippery condition aforesaid was unknown to her."

Counsel for the defendant seem to concede that the petition sets out a cause of action, except, as they contend, that the allegations show that plaintiff was not in the exercise of ordinary care for her

own safety, and for this reason they hold that the demurrer was properly sustained. In coming to any conclusion on this question, it is necessary to keep in mind that the question whether or not plaintiff was in the exercise of due care under the circumstances, is purely a matter of defense; and unless the allegations of her petition affirmatively show that she did not exercise ordinary care to discover the negligence of the defendant, and, after discovering same, exercise due care to avoid the consequences thereof, it must be held, on general demurrer, to be a question peculiarly for determination by the jury on the evidence developed at the trial. In deciding a question of this character, the fact is forced upon us, from the many cases we have examined, and the variety of judicial conclusions reached upon similar states of facts, that precedents are of little value, but each case must stand on its own facts. There can be no doubt that it is a difficult problem for a court to declare as a matter of law that one is negligent or lacking in ordinary care for his safety. "Ordinary care," "acts of an ordinary prudent man," are variable terms, according to the situation upon which they operate. It has therefore been found by courts to be justifiable to leave all such questions for determination by the jury, unless it be perfectly plain and obvious from all human experience that no ordinary intelligent person would have sustained injury under the circumstances, unless he was careless of his own safety. It is certainly true that one must use ordinary care in using his or her sense of sight to observe where he or she walks. This is elementary and is a necessary act of self-preservation. We can very well see how, where one steps into a hole and is caused to fall and sustains injury, that no recovery should be had in these circumstances against the party whose neglect caused the hole, where it appears that the hole was open and could have been seen if the sense of sight had been used. This presents a case of pure careless vision. Such was the case of *Mills* v. *Barker,* 38 *Ga. App.* 734 (145 S. E. 502). A similar case of careless sight is *Jones* v. *Asa G. Candler Inc.,* 22 *Ga. App.* 717 (97 S. E. 112), where the plaintiff tripped over a pile of lumber in the hall of defendant's building. The court took cognizance that a pile of lumber under the conditions alleged could easily be seen, and said that "the stumbling over the small pile of lumber against the wall seems to have been due to her own carelessness in hurriedly and without

looking coming out of the door of Dr. Crenshaw's office." Also in this same class may be placed *Peniston* v. *Newnan Hospital,* 40 *Ga. App.* 367 (149 S. E. 715) ; *National Bellas-Hess Co.* v. *Patrick,* 49 *Ga. App.* 280 (175 S. E. 255).

In some cases courts hold that certain defective conditions of floors are obvious under ordinary circumstances where ordinary care is employed in using the sense of sight, and that such conditions are so obviously dangerous that no person of ordinary prudence, while in the exercise of ordinary care, would use the floor. In *Lebby* v. *Atlanta Realty Cor.,* 25 *Ga. App.* 369 (103 S. E. 433), where the petition set out that a tile floor was covered with water, preparatory to mopping it, the court held that it did not appear from the petition that "the alleged danger was not obvious and could not by the exercise of ordinary care have been discovered by the plaintiff." See in this connection, *Henderson* v. *Mingledorff,* 27 *Ga. App.* 165 (107 S. E. 884). However, under some circumstances, the use of ordinary care in the use of the sense of sight does not, because of attending circumstances, convey to the mind of an ordinarily prudent person an actual condition or the latent dangerous character of a condition observed. For illustration of the former see *Moore* v. *Sears,* 42 *Ga. App.* 658 (157 S. E. 106), where the plaintiff tripped over a chain in the door of the defendant, where the facts disclosed that the chain was small, was placed near the floor, and was of color similar to that of the floor; *Fuller* v. *Louis Steyerman & Sons Inc.,* 46 *Ga. App.* 830 (169 S. E. 508), where the plaintiff was injured on steps of the defendant because of optical illusion created by negligent construction of stairway, which indicated that the last step had been reached before it was actually reached. For cases illustrating the latter, see *Krapf* v. *Sternberg,* 48 *Ga. App.* 130 (172 S. E. 69), where the question whether plaintiff's knowledge of the defective condition of stairway when she attempted to use it was sufficient to charge her with knowledge of the defect in the particular step the breaking of which caused the injuries sued for, was held to be a question for the jury, the court saying: "The petition contains no allegation from which the inference can be drawn, as a matter of law, that the stairway was so obviously dangerous as to put a prudent person on notice that it would be dangerous to use it." See also *Stack* v. *Harris,* 111 *Ga.* 149 (36 S. E. 615) ; *Alexander* v.

490

Owen, 18 *Ga. App.* 326 (89 S. E. 437). In the present case plaintiff was injured because of the slippery condition of the floor of the office where she was employed. She alleges that the defendant, by its lease contract, expressly retained constructive possession of the building for the purpose of keeping it clean and in good repair. She further sets out that this slippery condition was caused (1) by the worn condition of the floor, (2) the accumulation of oils and greases on the floor, and (3) the application of wax over these oils and greases. She distinctly alleges "that the floor, at the place where she fell, from a casual inspection, only looked to her as if the varnish had worn off and there was nothing which would indicate to her that it was slick, slippery, or in any way dangerous to walk upon, and said condition could not have been discovered by her in the exercise of that degree of care which the law imposed on her but could have been known to defendant by the exercise of ordinary care."

Counsel for the defendant bases the correctness of the ruling of the judge that plaintiff was not in the exercise of ordinary care, largely on the idea that the petition, when construed most strongly against the plaintiff, shows she had been employed in this office for some time and had used the floor and was therefore chargeable with notice of its true condition. It is without doubt true that a landlord is generally under no duty to inspect the premises to keep informed as to their condition, where the tenant is entitled to, and has, exclusive use and possession of the premises. *Adams* v. *Klasing,* 20 *Ga. App.* 203 (92 S. E. 960); *McGee* v. *Hardacre,* 27 *Ga. App.* 106 (107 S. E. 563); *Kleinberg* v. *Lyons,* 39 *Ga. App.* 774 (148 S. E. 535); *Godard* v. *Peavy,* 32 *Ga. App.* 121 (122 S. E. 634); *Finley* v. *Williams,* 45 *Ga. App.* 863 (166 S. E. 265). However, where the landlord retains qualified possession and general supervision of a rented building he may be liable for injuries arising from failure to maintain it in proper repair, even without actual notice of the defect, if by the exercise of ordinary care he should have known of it. *Crossgrove* v. *Atlantic Coast Line R. Co.,* 30 *Ga. App.* 462 (118 S. E. 694). Where a landlord reserves to himself a qualified possession of the premises for the purpose of keeping it clean and in good repair, as is alleged in the present case, it becomes his business in which he, as well as a master, is considered an expert, and it becomes

his duty, like that of a master, to inspect the premises, to repair them, and to warn the tenant of the existence of any defect. In such case we think that the same rule which applies to a servant should apply to a tenant, in that he is under no duty to observe changes resulting from the gradual wear and tear of the premises, until they become obvious to any careful man. *Cochrell* v. *Langley Manufacturing Co.*, 5 *Ga. App.* 317 (63 S. E. 244). Therefore we do not think that the plaintiff in performing her duties as employee of a tenant of the defendant is required continually to be on the lookout for unsafe conditions. We are firmly convinced that we would not be justified in the eyes of the law, in the face of her allegations that the slippery condition of the floor was not obvious, to say that it was obvious. True, she is possibly to be charged with some familiarity with the general condition of the floor; but if we charge her with knowledge that the floor was to some extent defective, we can not say it was sufficient knowledge to give a full appreciation of the danger attendant upon its use, as if she knew of all of the defective conditions which contributed to her injury. As we have already pointed out, we do not believe, under the allegations of her petition, that the law charges her with detailed and elaborate knowledge, since we believe that ordinary care on the part of a tenant using the floor of the building, and ordinary care on the part of the landlord in keeping it in a safe condition, where the landlord retains possession for purpose of repairs, "do not imply a like degree of vigilance in foreseeing danger and guarding against it." *City of Silvertown* v. *Harcourt*, 51 *Ga. App.* 160 (179 S. E. 772). We are of the opinion that the judge erred in sustaining the demurrer and dismissing the action.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*