30445. SOUTHERN STAGES INC. *v.* CLEMENTS.

170

DECIDED MAY 24, 1944.

*Martin, Martin & Snow,* for plaintiff in error.

*M. F. Adams,* contra.

GARDNER, J. ■ Counsel for the plaintiff in error, in a very able and clear manner, set forth an analysis of the petition from their viewpoint, which we quote: " (1) This accident happened in broad open daylight between 11 o'clock a. m. and 2 o'clock p. m. (2) The highway was straight, but there was a steep decline lead-

ing to a bridge. (3) Both vehicles, namely, the plaintiff's truck and the defendant's bus, were going in the same direction. The truck was following the bus at a distance of 70 yards, or 210 feet. (4) The rate of speed as these vehicles approached the bridge did not exceed 35 miles an hour. (5) The bus stopped suddenly at the end of the bridge. (6) The plaintiff in paragraph 4 admits there was sufficient space to pass on the left side of the bus if the truck had been going straight. (7) The petition does not allege a reduction of speed in going down a 'steep descent' or on approaching a bridge as required by Ga. Code, Section 68-303 (i). (8) The petition does not allege that the plaintiff's driver was free from negligence or that his brakes were in good condition." Counsel further enter into a discussion of the decisions which the court named as the basis for the judgment, and refers this court to additional cases which are claimed to be controlling on this court, and under the principles of which it is contended this case should be reversed. The first is *State Highway Department* v. *Stephens,* 46 *Ga. App.* 359 (167 S. E. 788). In that case the opinion reveals that the defendant's car was parked on a bridge in the highway, and that when the plaintiff rounded a curve on the highway at about noon, the defendant's car was observed, and that when the plaintiff ascertained that the defendant's car was not moving it was too late for him to stop his car in time to avoid the collision. The court stated that since it was not alleged in the petition at what distance the plaintiff was from the defendant's car when it was first observed parked on the bridge, or at what rate of speed the plaintiff's car was being operated, the petition should be taken as alleging that the plaintiff was at such a distance from the defendant's car, and was operating his (the plaintiff's) car at such a speed that he should have controlled it and avoided the injury. In our opinion the facts of that case are quite different from the case at bar. In another case, *Fraser* v. *Hunter,* 42 *Ga. App.* 329 (156 S. E. 268), the court held: "A person operating an automobile along a public highway in the daytime, who is injured by running into an automobile parked in the highway, which he does not see, is guilty of negligence proximately causing the injury, where the parked automobile is not obscured from his view and comes within his range of vision in time for him to avoid the injury. Ordinary care requires him, under the circumstances,

to see the parked automobile in time to avoid the injury." It is our view that the facts in that case differentiate it from the instant case. Our attention is also called to the case of *Baker* v. *Atlantic Coast Line R. Co.,* 52 *Ga. App.* 624 (184 S. E. 381). It is also our opinion that the facts in that case are not sufficiently similar to those of the case at bar to require a reversal of the judgment here.

The Code, § 105-603, provides: "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover. In other cases the defendant is not relieved, although the plaintiff may in some way have contributed to the injury sustained." See to the same effect, *Sims* v. *Martin,* 33 *Ga. App.* 486 (8) (126 S. E. 872). This court stated in *Fisher Motor Car Co.* v. *Seymour,* 9 *Ga. App.* 465 (71 S. E. 764) : "One who seeks to recover for the negligence of another is not required to negative contributory negligence on his part." In this connection we are mindful that it is the contention of the plaintiff in error that the allegations of the petition itself show that the damage was caused by the failure of the defendant in error to exercise due care, though the allegations of the petition also show that the plaintiff in error might have been negligent to some extent. We do not think the allegations of the petition, even when construed most strongly against the petitioner, are susceptible to this construction. This court held in *Sims* v. *Martin,* supra: "That the plaintiff, when he saw the defendant's automobile coming towards him, suddenly jumped in front of it and was injured does not conclusively and as a matter of law establish negligence on the part of the plaintiff, or that if negligent it was the proximate cause of his injury. The evidence authorized the finding that the defendant's negligence contributed proximately to this situation." We might call attention also to *Southern Railway Co.* v. *Slaton,* 41 *Ga. App.* 759 (154 S. E. 718), where several principles applicable to the question we now have under consideration are dealt with very clearly and with numerous citations of authority to sustain our position, and wherein the court said: "Accordingly, it has been many times held that questions as to diligence and negligence, including contributory negligence, and what negligence constitutes the proximate cause of the injury complained of, are questions peculiarly for the jury, such as this court

will decline to solve on demurrer except where such questions appear palpably clear, plain, and indisputable." Since there are acts of negligence alleged in this petition which are not based upon any statutory regulation, we think we might also very well consider the following statements in *Southern Railway Company* v. *Slaton,* supra: "Except where a particular act is declared to be negligence, either by statute or by a valid municipal ordinance, the question as to what acts do or do not constitute negligence is for determination by the jury, and it is error for the presiding judge to instruct them what ordinary care requires should be done in a particular case." While it must be conceded that the allegations of negligence are somewhat general, still we think they are sufficiently particularized and broad to admit the application of the principle immediately above quoted. The court properly declines to decide questions of negligence on demurrer except in plain and indisputable cases. *Western Union Telegraph Co.* v. *Spencer,* 24 *Ga. App.* 471 (101 S. E. 198) ; *Larkin* v. *Andrews,* 27 *Ga. App.* 685 (109 S. E. 518) ; *Tybee Amusement Co.* v. *Odum,* 51 *Ga. App.* 1 (3) (179 S. E. 415) ; *Lewis* v. *Powell,* 51 *Ga. App.* 129 (179 S. E. 865). It is our opinion that the allegations of the petition, construed most strongly against the plaintiff, are sufficient, as against a general demurrer, to carry the case to the jury. The jury has the right, and it is peculiarly within their province generally to determine questions of negligence. In determining whose negligence and what negligence proximately caused the alleged injury, the jury will take into consideration allegations of negligence against the defendant as such appear from the petition, supported by evidence, and such inferences of negligence as may be drawn from the pleadings sustained by evidence against the plaintiff. Also, the jury may consider the principles specified in the Code, § 68-301, as follows: "No person shall operate a motor vehicle upon any public street or highway at a speed greater than is reasonable and safe, having due regard for the width, grade, character, traffic, and common use of such street or highway, nor so as to endanger life or limb or property in any respect whatsoever; but said speed shall not exceed that tabulated below." It must be kept in mind, even though we concede that inferences of negligence on the part of the plaintiff might be drawn from certain allegations of the petition, still we must not forget that the

plaintiff alleges that the bus came to a stop without giving any warning whatsoever as required by the Code, § 68-303 (f). If the jury should conclude that the defendant was negligent as alleged, and that the plaintiff could not have avoided the result of the defendant's negligence by the use of ordinary care, then the jury would be authorized to compare the negligence of both parties if, under the evidence, both were negligent. In such comparison the jury might find, under the evidence, that while both parties were negligent, the plaintiff was less negligent than the defendant; in which event the jury would be authorized to apportion the damages. It is true the question presented is close, but after due consideration it appears to be one of fact for the jury rather than one of law for the court.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*