37779. BECK *v.* WADE, by Next Friend.

Decided July 15, 1959—Rehearing denied July 28, 1959.

*Perry, Walters & Langstaff, Robert B. Langstaff, Joseph B. Powell, Jr., Fred B. Hand, Jr.,* for plaintiff in error.

*J. Neely Peacock, Jr.,* contra.

TOWNSEND, Judge. ■ ■ The petition alleged that the defendant was negligent, among other things "in that [he] furnished a defective cab for the transportation of the plaintiff and other members of the general public in violation of Code § 68-1701 and was therein guilty of negligence per se" and that he "violated Code § 68-1723 and was therein guilty of negligence per se." The first of these sections provides in part: "It is a misdemeanor for any person to drive or move or for the owner to cause or knowingly permit to be driven or moved on any street or highway any vehicle or combination of vehicles which is in such unsafe condition as to endanger any person, or which does not contain those parts or is not at all times equipped with such lamps and other equipment in proper condition and adjustment as required in sections 68-1701 through 68-1722, or which is equipped in any manner in violation of said sections, or for any person to do any act forbidden or fail to perform any act required under said sections." Code (Ann.) § 68-1722 provides: "It is unlawful for the owner, or any other person, employing or otherwise directing the driver of any vehicle to require or knowingly permit the operation of such vehicle upon a highway in any manner contrary to law." Chapter 68-17 of the Uniform Traffic Act (Ga. L. 1953, p. 556 et seq.) deals with certain equipment on automobiles, including specifically lights, reflectors, signals, horns, brakes and mirrors, and it is contended that the intent of the legislature in respect to the Code sections above quoted is to confine the offense to the specific equipment mentioned in the chapter, and also that the intent of the sections is directed toward moving vehicles rather than toward a vehicle which has stopped to allow a passenger to get out. We are directed to the preamble of the act in support of this contention, but note that it states as one of its purposes "to define certain crimes in the use and operation of vehicles" which, we think, is broad enough to cover the subject

matter of these Code sections. *"Ejusdem generis* is a rule of construction to ascertain and give effect to legislative intent. Where general words are followed by a description of specified subjects, the meaning of the general words ordinarily will be presumed to be limited to the enumerated special subjects, and to include only those things of the same nature as those specially enumerated, unless a clear manifestation of a contrary intent appears." *Jenkins* v. *Jones,* 209 *Ga.* 758, 761 (75 S. E. 2d 815). Ordinarily in such a case the objects are linked by conjunctive rather than disjunctive words or phrases. That the statute here proscribes any vehicle "in such unsafe condition as to endanger any person", and then continues *"or* does not contain those parts . . ." etc., does not, we think, limit the effect only to the parts enumerated, but is sufficiently broad to cover any other equipment on a motor vehicle which, being itself defective, renders the vehicle dangerous to others. An automobile is equipped with wheels, and if a wheel is so defectively attached to the body that it flies off, injuring another, it would seem to come within these sections. A door is equipped with a holding device to keep it from slamming shut on the limbs of passengers; when the device is defective and the door does so, it is, as the defendant admitted in his testimony, dangerous to passengers. It was accordingly not error for the court to overrule the special demurrers directed to these allegations.

■ In view of what has been said, it was not error for the court to charge that it is negligence per se for a person to violate a Code section; that Code (Ann.) § 68-1701 makes it a misdemeanor for an owner to knowingly permit a vehicle to be driven on a street or highway which is in such unsafe condition as to endanger any person, and that whether or not this vehicle was in such unsafe condition is a matter for the jury to determine by a preponderance of the evidence. The special ground of the amended motion for new trial is without merit.

■ The general grounds of the motion for new trial as well as the motion for a judgment notwithstanding the verdict are argued by the plaintiff in error to be meritorious for the single reason that the evidence demands a finding that the plaintiff was so lacking in ordinary care for her own safety as to bar

her from recovery. Under Code § 105-603, if the plaintiff by ordinary care could have avoided the consequences to herself caused by the defendant's negligence, she is not entitled to recover. The plaintiff here, a 16-year-old girl laboring under no disability, testified that when she entered the cab the driver "told me to watch the spring on the door, it was sprung." A young person of 15 or older is presumptively chargeable with diligence for her own safety where the peril is palpable and manifest. *Paulk & Fossil* v. *Lee*, 31 *Ga. App.* 629 (2) (121 S. E. 845) ; *Greeson* v. *Davis*, 62 *Ga. App.* 667, 670 (9 S. E. 2d 690). In *Laseter* v. *Clark*, 54 *Ga. App.* 669 (5) (189 S. E. 265) it was held: "Whether or not, as in the instant case, a boy 15 years of age, who, in a collision with another automobile, was riding on a truck driven by one whose negligence was not imputable to him, who presumptively had not acquired by experience a knowledge of the relative speeds and distances of moving automobiles, and who alleged in his petition that he did not fully apprehend the impending danger, with facts tending to support such a general averment, should be held presumptively liable to the same standard of care as would control an ordinary adult or an ordinarily experienced adult driver, he could not in any event be held liable as a matter of law for any contributory negligence on his part, unless his peril was palpable and manifest, and he failed to exercise that care which would have been exercised under similar circumstances by an ordinarily prudent adult." Only in clear and palpable cases, where it appears that one recklessly tests an observed and clearly obvious peril, or voluntarily assumes a position of imminent danger, will he be barred from recovery as a matter of law; otherwise, the question of what negligence, as well as whose negligence is responsible for the injury is a jury question. *Atlanta Transit System* v. *Allen*, 96 *Ga. App.* 622 (101 S. E. 2d 134 ; *Southern Stages* v. *Clements*, 71 *Ga. App.* 169 (30 S. E. 2d 429). There is a difference between mere knowledge of a defect and full appreciation of the risk involved. *Scott* v. *Rich's, Inc.*, 47 *Ga. App.* 548, 551 (171 S. E. 201). It is true that the plaintiff was warned of the defective door when she entered the cab. It is also true that the jury believed the defendant's evidence to the

effect that all drivers were instructed to open and close the taxi doors themselves, and the plaintiff's evidence that the driver, knowing of the defective condition of the door, failed to do so. The only way she could get out of the vehicle was to open the door herself, and she was further burdened with a number of school books which it was necessary for her to lift out by turning her back on the door; while she was in the act of retrieving them the door slammed on her thumb. Whether under these circumstances the plaintiff was guilty of such negligence as to bar her recovery was properly left for decision by the jury rather than the court.

The trial court did not err in any of its rulings complained of. *Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*