38154. NETHERLAND *v.* PACIFIC EMPLOYERS
INSURANCE COMPANY.

Decided June 13, 1960.

*B. P. Gambrell, John E. Dougherty,* for plaintiff in error.

*Hurt, Gaines, Baird, Peek & Peabody, W. Neal Baird, Joe Freeman,* contra.

BELL, Judge. Where the owner of land by express or implied invitation induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to those persons for injuries occasioned by his failure to exercise ordinary care in keeping the premises safe. Code § 105-401. In the present case the plaintiff, being an employee of a tenant of the defendant owner of the property, was an invitee within the meaning of the law here applicable. See *Roberts v. Wicker,* 213 Ga. 352, 354 (99 S. E. 2d 84). There is no question but that the defendant owned and maintained the parking lot wherein the plaintiff sustained the injury. There further is no question but that the plaintiff was on the premises for a lawful purpose, and therefore the only question raised by the demurrer is whether or not the petition shows the owner failed to exercise ordinary care in keeping the premises and approaches safe, or that the actions of the plaintiff as shown by the petition, as a matter of law, negatived any cause of action for the injuries sustained by him.

The facts as alleged clearly show a dangerous condition on an extremely sloping parking lot; that such condition had existed for several months and that the increased danger caused by the icing conditions on the particular morning of the accident had existed for several hours prior to the injury of the plaintiff. It is further alleged that the loamy bank and the bushes on it made

it difficult to observe the condition of the parking space where the plaintiff was authorized to park and that the slippery loamy washings from the bank were of such a texture and color as to make it difficult to distinguish the area covered by the loam from the clear surface. The plaintiff alleges that he had no knowledge of the condition of the parking lot and that its condition was such that it would have taken special attention to discover the true dangerous condition of the surface. The plaintiff further alleges that the condition of the lot for several months and the condition of the lot on the morning of the accident were known by the defendant or reasonably should have been known, and that several employees and executives of the defendant had parked in the small area of the parking lot on the morning of the accident. The plaintiff further asserts that the defendant was negligent in not taking some action to warn of or to alleviate the dangerous condition of the parking lot on the particular morning of the accident when the plaintiff sustained the injury.

Whatever the result might be, had the plaintiff based his claim only on the icy condition on the morning involved, it is clear that in this case the petition is alleging not only the icy condition but the slipperiness caused by a loamy soil being washed during rains onto the surface of the parking space, which condition is alleged to have existed for several months unknown to the plaintiff. This is a matter which calls for an evidentiary consideration.

Although the law of the responsibility of owners to invitees on their property may seem at times to place an inordinately heavy burden on the owners, and although the trial of this case may lead the jury to conclude that the plaintiff's negligence may bar him from any recovery, yet it cannot be said as a matter of law that the facts as shown by the petition do not present a question for the jury as to whether the owner failed to exercise ordinary care in keeping the premises safe as required under Code § 105-401, nor may they be taken as establishing that the conduct of the plaintiff was such as to show no right to relief when being considered on general demurrer. *Martin v. Henson,* 95 Ga. App. 715, 736, 737, and 739 (99 S. E. 2d 251); *Woolworth Co. v. Wood,* 32 Ga. App. 575 (124 S. E. 110).

The order sustaining the general demurrer is

*Reversed. Gardner, P. J., Townsend, Carlisle, Nichols, and Frankum, JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. Construing the petition most strongly against the plaintiff it seems to me that it alleges that the basis of the action is the violation by the defendant of a duty to exercise extraordinary care. Paragraph 10 of the petition alleges: "Said condition of ice mixed with slick loam on said paved surface of said parking space was not apparent to one at that location on casual observation but could have been seen only on pausing and on close studied inspection and concentration of attention." While this paragraph expressly covers only the two extremes of care, the last statement means that the dangerous condition could not have been discovered by the exercise of ordinary care. If it could have been discovered by ordinary care the plaintiff is barred by his negligence. On either horn of the dilemma the petition does not state a cause of action.