39270. CLAYTON v. STEVE-CATHEY, INC.

Decided February 27, 1962—Rehearing denied March 19, 1962.

*Abraham J. Walcoff,* for plaintiff in error.

*Gambrell, Harlan, Russell, Moye & Richardson, James C. Hill, Edward W. Killorin,* contra.

JORDAN, Judge. The defendant's motion for summary judgment in this case was predicated upon the alleged failure of the plaintiff to use ordinary care for her own safety in walking upon the floor on which she fell. It is the contention of the defendant that since the plaintiff's deposition disclosed that she had observed that said floor "looked slippery, shiny and highly polished," a finding was demanded for the defendant on this issue and the trial court therefore did not err in sustaining its motion.

The plaintiff maintains, however, that since "knowledge of defects" is not necessarily tantamount to "knowledge of danger" and "appreciation of risk" (see *Townley v. Rich's, Inc.,* 84 Ga. App. 772, 776, 67 SE2d 403), it was a question for the jury, under the facts and circumstances adduced on motion for summary judgment, as to whether the plaintiff had knowledge of the actual dangerous condition of the floor, and that such

knowledge could not be inferred as a matter of law from her testimony in regard to the appearance of the floor.

As pointed out by this court in *Beck v. Wade,* 100 Ga. App. 79, 83 (110 SE2d 43): "Only in clear and palpable cases, where it appears that one recklessly tests an observed and clearly obvious peril, or voluntarily assumes a position of imminent danger, will he be barred from recovery as a matter of law; otherwise, the question of what negligence, as well as whose negligence is responsible for the injury is a jury question. *Atlanta Transit System v. Allen,* 96 Ga. App. 622 (101 SE2d 134) ; *Southern Stages v. Clements,* 71 Ga. App. 169 (30 SE2d 429). There is a difference between mere knowledge of a defect and full appreciation of the risk involved. *Scott v. Rich's, Inc.,* 47 Ga. App. 548, 551 (171 SE 201)."

This principle of law as applied to the instant factual situation means that only "where defective conditions of floors are obvious under ordinary circumstances, if ordinary care is employed in using the sense of sight *and where such conditions are so obviously dangerous that no person of ordinary prudence while in the exercise of ordinary care would use the floor,*" may the court resolve the issue against the plaintiff as a matter of law. (Italics ours.) *Macon Academy Music Co. v. Carter,* 78 Ga. App. 37 (1), 39 (50 SE2d 626).

" 'Ordinary care,' 'acts of an ordinary prudent man' are variable terms, according to the situation upon which they operate. It has therefore been found by courts to be justifiable to leave all such questions for determination by the jury, unless it be perfectly plain and obvious from all human experience that no ordinary intelligent person would have sustained injury under the circumstances, unless he was careless of his own safety." *Rothschild v. First Nat. Bank,* 54 Ga. App. 486, 488 (188 SE 301).

It was not the purpose of the Summary Judgment Law (Ga. L. 1959, p. 234) to change these general rules with reference to submitting questions to the jury, and a summary judgment should be granted only if there is no genuine issue of fact as shown by the record before the court. *Wasserman v. Southland Investment Corp.,* 105 Ga. App. 420 (124 SE2d 674).

The plaintiff's deposition in the instant case disclosed that she had observed that the floor on which she fell "looked slippery, shiny and highly polished." In her affidavit filed in opposition to the motion for summary judgment, however, she stated that the floor did not appear to be smooth, slick and slippery to such extent that it would be dangerous to use the corridor and that she did not know and had no means of ascertaining the actual dangerous condition of the floor. While the plaintiff may not prevail upon mere conclusions which are contradictory to the established facts, we do not think that it can be said that her testimony in regard to the appearance of the floor showed sufficient knowledge on her part of the alleged dangerous condition of the floor nor such appreciation of the risk attendant upon the use of said floor as would bar her recovery as a matter of law. *Rothschild v. First Nat. Bank,* 54 Ga. App. 486, 491, supra; *Goldsmith v. Hazelwood,* 93 Ga. App. 466 (92 SE2d 48), and the decisions cited therein.

Accordingly, it was a question for the jury, under the record before the court on motion for summary judgment, as to whether the plaintiff's injuries were caused by her failure to exercise ordinary care for her own safety in walking upon the floor in the defendant's office building; and the trial court erred in granting a summary judgment in favor of the defendant.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*