### 39246. WASSERMAN v. SOUTHLAND INVESTMENT CORPORATION.

CARLISLE, Presiding Judge. 1. "Questions of negligence, of contributory negligence, of cause and proximate cause, and of whose negligence or of what negligence constitutes the proximate cause of an injury are, except in plain, palpable and indisputable cases, solely for the jury. *Montgomery v. Southern Ry. Co.*, 78 Ga. App. 370 (1d) (51 SE2d 66); *Harvey v. Zell*, 87 Ga. App. 280, 284 (1a) (73 SE2d 605)." *Long Const. Co. v. Ryals*, 102 Ga. App. 66 (1) (115 SE2d 726). In this connection, it has been held on consideration of whether a petition is subject to general demurrer that unless the allegations of the petition set up facts from which reasonable minds cannot differ as to the cause of the injury they are sufficient to carry the case to the jury. *Bazemore v. MacDougald Const. Co.*, 85 Ga. App. 107, 110 (68 SE2d 163). It was not the purpose of the summary judgment law (Ga. L. 1959, p. 234, et seq.) to change these general rules with reference to submitting questions to the jury, and a summary judgment should be granted only if there is no genuine issue of fact as shown by the record before the court.

2. In the instant case, the plaintiff's deposition and the affidavit of her witness showed that the defendant was negligent in at least some of the ways charged in the petition. They further showed that the plaintiff, by reason of the fact that she had previously traversed the steps on which she fell, knew of their icy condition. However, under the foregoing rules of law, whether or not such knowledge constituted knowledge of the danger involved in using the steps, and whether in using the steps with such knowledge she was so negligent as to be barred of a recovery, were solely questions

for the jury. *Rothschild v. First Nat. Bank of Atlanta,* 54 Ga. App. 486 (188 SE 301) ; *Goldsmith v. Hazelwood,* 93 Ga. App. 466 (92 SE2d 48) ; *Netherland v. Pacific Employers Ins. Co.,* 101 Ga. App. 837 (115 SE2d 122). It follows that the trial judge erred in granting the defendant's motion for a summary judgment.

*Judgment reversed. Eberhardt and Russell, JJ., concur.*

DECIDED FEBRUARY 27, 1962.

*Hurt, Gaines, Baird, Peek & Peabody, Joe C. Freeman, Jr., Sanford R. Karesh,* for plaintiff in error.

*Smith, Field, Ringel, Martin & Carr, Palmer H. Ansley,* contra.