39301.   BURNS v. GREAT ATLANTIC & PACIFIC
TEA COMPANY, INC.

DECIDED APRIL 6, 1962—REHEARING DENIED APRIL 26, 1962.

*John J. Sullivan, W. W. Newton,* for plaintiff in error.

*Bouhan, Lawrence, Williams, Levy & McAlpin, Kirk McAlpin,* contra.

FELTON, Chief Judge. ■ As to the plaintiff in error's procedural ground of exception to the ground of the defendant in error's motion for summary judgment, this objection should have been raised in the trial court prior to the hearing on the motion and she cannot be heard to complain for the first time in this court of any such error.

■ The defendant's motion for summary judgment in this case was based upon the alleged failure of the plaintiff to exercise ordinary care and diligence for her own safety in walking upon the floor on which she fell. The defendant contended that the deposition affirmatively showed that the plaintiff knew that wax or soapy water had just been applied to this particular area and that there were no facts which would have prevented her from being aware of the slippery condition of the floor, and that the court's finding for it on the summary judgment was therefore justified.

"Only in clear and palpable cases, where it appears that one recklessly tests an observed and clearly obvious peril, or voluntarily assumes a position of imminent danger, will he be barred

from recovery as a matter of law; otherwise, the question of what negligence, as well as whose negligence is responsible for the injury is a jury question. *Atlanta Transit System v. Allen*, 96 Ga. App. 622 (101 SE2d 429); *Southern Stages v. Clements*, 71 Ga. App. 169 (30 SE2d 429). There is a difference between mere knowledge of a defect and full appreciation of the risk involved. *Scott v. Rich's, Inc.*, 47 Ga. App. 548, 551 (171 SE 201)." *Beck v. Wade*, 100 Ga. App. 79, 83 (110 SE2d 43); *Clayton v. Steve-Cathey, Inc.*, 105 Ga. App. 570 (125 SE2d 118).

As pointed out by this court in *Wasserman v. Southland Investment Corp.*, 105 Ga. App. 420 (124 SE2d 674), and in the *Clayton* case, supra, 'it was not the purpose of the Summary Judgment Law (Ga. L. 1959, p. 234) to change these general rules with reference to submitting questions to the jury, and a summary judgment should be granted only if there is no genuine issue of fact as shown by the record before the court." Although the deposition of the plaintiff showed that she was aware of the fact that the area on which she fell had just been mopped or waxed a few minutes prior to her fall, it was a question for the jury as to whether such knowledge constituted knowledge of the danger involved in walking on that area of the floor, and whether, in walking on the floor with such knowledge, she was so negligent as to be barred of a recovery. *Rothschild v. First Nat. Bank*, 54 Ga. App. 486 (188 SE2d 301); *Goldsmith v. Hazelwood*, 93 Ga. App. 466 (92 SE2d 48); *Netherland v. Pacific Employer's Ins. Co.*, 101 Ga. App. 837 (115 SE2d 122); *Wasserman v. Southland Investment Corp.*, 105 Ga. App. 420 supra; *Clayton v. Steve-Cathey, Inc.*, 105 Ga. App. 570, supra. The trial court therefore erred in granting a summary judgment in favor of the defendant.

*Judgment reversed. Bell and Hall, JJ., concur.*