40573. ARNOLD SERVICES, INC. v. SULLINS.

DECIDED JUNE 15, 1964—REHEARING DENIED JUNE 29, 1964.

20

*Wright, Walther & Morgan, Clinton J. Morgan,* for plaintiff in error.

*J. R. Cullens,* contra.

Bell, Presiding Judge. ■ "Negligence may be shown by circumstances as well as by direct testimony. If, considering all the surroundings and accompanying circumstances, an event is such 'as in the ordinary course of things would not have occurred if the defendant had used ordinary care, negligence may be presumed, and place upon the defendant the burden of explaining the cause of the occurrence.'" *McCann v. Lindsey,* 109 Ga. App. 104 (135 SE2d 519), certiorari denied. It is accepted generally as settled law that negligence, *like any other*

*fact,* may be proved by circumstantial evidence as well as by direct testimony. Prosser, Torts, 2d Ed. p. 200, citing Wigmore, Evidence, 3rd Ed. § 25. Thus, when a reasonable mind may accept the circumstantial evidence presented as adequate to support a finding in favor of one of the parties on an issue of fact, a verdict based on the finding is authorized. As this court apprehends it, the evidence recounted in the factual summary is sufficient to sanction the verdict in this case.

The petition specifically charged the defendants with negligence per se in operating the trailer-tractor vehicle on a public highway when it was not in such safe mechanical condition as not to endanger any person upon the highway in violation of *Code Ann.* § 68-1723. In the case of *Beck v. Wade*, 100 Ga. App. 79, 81, 82 (1) (110 SE2d 43), Judge Townsend in construing *Code Ann.* § 68-1723 along with other provisions of *Code Ch.* 68-17, stated that its terms were "sufficiently broad to cover any other equipment on a motor vehicle which, being itself defective, renders the vehicle dangerous to others. An automobile is equipped with wheels, and if a wheel is so defectively attached to the body that it flies off, injuring another, it would seem to come within these sections [*Code Ann.* §§ 68-1701, 68-1723]." Judge Townsend then explained that while previous knowledge of the unsafe mechanical condition of the vehicle was essential to uphold criminal liability, civil liability could be imposed by a mere preponderance of the evidence.

As we interpret the statements in divisions 1(a) and (b) of the opinion in *Beck,* they signify that where, as here, the plaintiff makes out a prima facie case of a defective motor vehicle within the meaning of *Code Ann.* § 68-1723, a verdict for the plaintiff is authorized. Once a prima facie case is proven by the plaintiff, the burden shifts to the defendant to show that the defect in the vehicle was not one within the contemplation of the statute or was not due to his negligent failure to inspect or to his negligence in making an inspection. See *Atlanta Metallic Casket Co. v. Hollingsworth,* 104 Ga. App. 154, 164 (8), (121 SE2d 388). The case of *Quick Shops, Inc. v. Oldham,* 100 Ga. App. 551 (111 SE2d 920), upon which the defendant relies, is not in point, as that case does not deal with a mechanical defect prohibited by statute.

Although counsel discourse with obvious conviction on either side of the problem as to whether the evidence rule of res ipsa loquitur is applicable under the existent facts, we prefer to apply as appropriate the logic of the great Judge Powell who wrote in response to a similar issue that "Without frightening any of the brethren of the profession by saying that it was a case of res ipsa loquitur (for this phrase seems to be a bugaboo to some members of the bar), we will say that the circumstances were such as clearly to prove, according to all the rules of circumstantial evidence," that the wheel from the defendant's trailer did come off as it passed the plaintiff's vehicle and it did cause the damage in striking the plaintiff's vehicle which the jury found. This premise is authorized by the pleadings and the evidence. See *Hubbard v. Macon R. &c. Co.*, 5 Ga. App. 223, 225, 226 (62 SE 1018).

■ Ancilliary contentions urged by the defendant in this case are that the tractor-trailer, identified as the unit to which the wheel found beside the road belonged, was not owned by defendant nor was the driver its agent. The president of the defendant company offered positive testimony in support of these contentions. The plaintiff, however, in response to this testimony introduced in evidence the paragraphs of his petition which alleged that the vehicle in question, at the time and place, was being used, maintained and operated on the business of the defendant and that the driver was the agent of the defendant and portions of the defendant's original answer which admitted each of these allegations.

Although the admissions in the answer were later stricken by amendment, the withdrawn pleadings when put in evidence constituted evidence sufficient to create a jury issue as to whether the withdrawn admissions in the answer or the evidence to the contrary was true. *Richmond County v. Sibert,* 218 Ga. 209, 212 (126 SE2d 761).

*Judgment affirmed. Jordan and Eberhardt, JJ., concur.*