## 42008. DURRETT v. TUNNO.

ARGUED MAY 4, 1966—DECIDED JUNE 16, 1966.

*Josephine M. Plunkett,* for appellant.

*Bouhan, Lawrence, Williams & Levy, Frank W. Seiler,* for appellee.

JORDAN, Judge. This is an appeal from the judgment of the trial court granting the defendant's motion for summary judgment in an action brought by the plaintiff to recover damages for personal injuries sustained when she tripped and fell while walking across the vestibule or common entry way of the defendant's apartment house in which the plaintiff was a tenant. Her petition alleged that the defendant had provided three throw rugs as coverings for the floor of the vestibule; that the defendant had allowed these rugs to become "so worn, limp, and otherwise defective and out of repair as to be dangerous to life and limb

of persons traversing said vestibule, as defendant knew, and of which condition she had both actual and constructive notice"; "that the defendant hired a cleaning woman to clean and maintain the aforesaid vestibule, halls, lobbies and staircase used in common by all the tenants and that on the 13th day of February 1964, your petitioner observed said cleaning woman or agent of defendant cleaning these areas and specially observed her cleaning said vestibule and the rugs therein and moving them about in said vestibule; that in replacing the defective worn and flimsy rug in the center of said vestibule, said cleaning woman or agent of defendant did so in a negligent and careless manner thus permitting the defective rug to wrinkle and cup in a manner so as to set up a trap for the feet of persons crossing the rug, thus endangering the life, health and limb of any person walking across said rug" (par. 5 of the petition) ; that the defendant's cleaning woman was the last person to move or adjust the rug between the time the plaintiff observed her working with the rug and the time she tripped and was thrown down by the "wrinkled and cupped condition" of the rug; that at the time of the occurrence, the vestibule was dark and shadowy and the plaintiff "was unable to see or observe the condition of the center throw rug in said vestibule and had no knowledge of the wrinkled and cupped condition of said rug until her foot caught in said wrinkled or cupped portions of said rug and she was tripped and thrown forward with great force."

The defendant's motion for summary judgment was based upon two contentions: (1) that the allegations of par. 5 of the petition showed that the plaintiff had failed to exercise ordinary care for her own safety in walking on the throw rug since she had alleged therein that she had observed the defendant's cleaning woman move the rug so as to leave it in the cupped or wrinkled condition which allegedly caused her fall; and (2) that the plaintiff in her deposition which was taken by the defendant and filed in support of the motion for summary judgment stated that she had not observed the condition of the rug before her fall and did not know as a matter of fact whether or not the rug was cupped before her fall.

The trial court in granting the defendant's motion stated in its order that "the petition alleges in Paragraph 5 that the plain-

tiff observed the defendant's cleaning woman moving the rug so as to leave the same in a cupped or wrinkled condition. This amounts to actual knowledge of the alleged defect on the part of the plaintiff," and that "The court is of the opinion that the contradicting testimony of the plaintiff is insufficient to sustain the alleged negligence."

1. Even construing the plaintiff's petition strictly against the pleader as is the rule on general demurrer rather than liberally in favor of the plaintiff as is the rule on consideration of a motion for summary judgment filed by the defendant (*Sanders v. Alpha Gamma Alumni Chapter*, 106 Ga. App. 137, 140 (126 SE2d 545)), the allegations of par. 5 of the petition did not show that the plaintiff had actual knowledge that the defendant's agent had placed the rug in a cupped and wrinkled condition but only showed that the plaintiff had actual knowledge that the cleaning woman had moved the rug in performing her duties. The petition did allege as a matter of fact that the rug had been placed in a cupped and wrinkled condition by the defendant's agent and that the plaintiff had no prior knowledge of this condition before she fell; and these allegations were not pierced by the evidence offered by the defendant in support of her motion for summary judgment. The defendant upon whom rested the burden of piercing the allegations of the petition and showing to the court that there was no genuine issue of material fact for consideration by the jury (*Scales v. Peevy*, 103 Ga. App. 42 (118 SE2d 193); *Cotton States Mut. Ins. Co. v. Martin*, 110 Ga. App. 309 (138 SE2d 433); *Pike v. Stafford*, 111 Ga. App. 349 (141 SE2d 780)) did not produce testimony by the cleaning woman or any other witness that the rug was not placed in a cupped and wrinkled condition as alleged in the petition; and the testimony of the plaintiff when construed against the movant as required on motion for summary judgment did not demand such finding. *McCarty v. National Life &c. Ins. Co.*, 107 Ga. App. 178 (129 SE2d 408); *Holland v. Sanfax Corp.*, 106 Ga. App. 1 (126 SE2d 442). The plaintiff's testimony when construed in her favor, merely showed that, based upon her visual observation of the rug prior to her fall, she did not know whether or not the rug was in a cupped and wrinkled condition, and such testimony did not rebut the allegations of the petition that the

plaintiff felt the cupped condition of the rug as her foot came in contact with it at the instant that she tripped and fell forward.

2. The defendant movant not having rebutted the allegations of the petition which clearly stated a cause of action against the defendant, the plaintiff was under no duty to present counter evidence in support of her petition and in opposition to the motion for summary judgment. The trial court erred therefore in holding that the testimony of the plaintiff was insufficient to support the alleged negligence; and since under the unrebutted allegations of the petition the questions of negligence, contributory negligence, proximate cause and failure of the plaintiff to use ordinary care for her own safety were matters of fact for determination by the jury, the trial court erred in granting the defendant's motion for summary judgment. *Wasserman v. Southland Investment Corp.*, 105 Ga. App. 420 (124 SE2d 674); *Clayton v. Steve-Cathey, Inc.*, 105 Ga. App. 570 (125 SE2d 118).

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*