## 47418. ZAYRE OF GEORGIA, INC. v. EPPS.

HALL, Presiding Judge. Defendant in a personal injury action appeals from the denial of its motion for summary judgment.

Plaintiff is a 75-year-old woman who had shopped at defendant's store on several occasions and was generally familiar with the layout. She was walking down an aisle formed by rows of free-standing metal racks hung with dresses, on her way to another department. She was looking at the dresses when she made a left turn into an empty rack which was exactly in line with the others forming the aisle. She said the lighting was adequate, there was no foreign substance on the floor and that the rack was not actually hidden. She simply walked into it. There was evidence that this type of rack and this kind of arrangement is in wide use in retail outlets. Plaintiff's sole theory of negligence seems to be that the empty rack in line with the full ones created an optical illusion of a cross aisle which she attempted to use.

The court erred in denying the motion for summary judgment. We cannot see any actionable negligence on the part of the defendant here. The rack was where it belonged and where anyone might expect a rack to be. The defendant could hardly make it more noticeable by pushing it into the aisle, risking that a customer might blunder into it there. The cases cited by plaintiff concerning obstructed aisles have no bearing and indeed argue against her position. Defendant surely has no duty to warn of so large, obvious and appropriate an object. *McDaniel Funeral Home v. Hines,* 124 Ga. App. 47 (183 SE2d 7). And even if it did, how could it? By a sign at the entrance saying "Beware of Empty Racks?" Certainly, the defendant has no duty to keep its racks filled at all times to avoid this extraordinary occurrence, or to remove empty racks to some safe place of storage when, as in any large and busy retail store, it is likely they will be filled again shortly. See also *Dickey v. J. C. Pen-*

*ney,* 124 Ga. App. 852 (186 SE2d 356).

*Judgment reversed. Pannell and Quillian, JJ., concur.*
ARGUED SEPTEMBER 8, 1972—DECIDED SEPTEMBER 25, 1972.

*Neely, Freeman & Hawkins, Albert H. Parnell,* for appellant.

*Rubin, Landey & McLarty, Benjamin Landey,* for appellee.