## 57941. TANNER v. AYER et al.

CARLEY, Judge.
Plaintiff appellant appeals from the grant of summary judgment in favor of defendant Peachtree Medical Building, Inc., in this action for damages against Peachtree, D. Ray Wakefield and Dr. Darrell Ayer, a tenant of Peachtree and employer of Wakefield. Plaintiff, a seventy-nine year old lady, was injured while attempting to enter Peachtree Medical Building in order to visit her doctor. Plaintiff's daughter drove her mother to the building on the day of the incident when it was raining. Plaintiff alleges that, because of the inclement weather, her daughter drove her to the side entrance of the building located in the building's parking lot which was under cover. However, the record shows that in order for anyone in a vehicle to reach the side entrance, such vehicle must pass the main entrance to the building on a driveway which is covered in the area of said main entrance so as to shelter patrons from the weather. Plaintiff was a frequent visitor to the building and had previously used both the main entrance and the side entrance through which she was attempting access on the day she sustained the injuries for which she seeks damages in this case.

Plaintiff alleges that after being deposited by her daughter, she approached the opaque metal door constituting the side entrance and when she touched the handle of the door, the door was "quickly pushed into her body" by defendant Wakefield who was exiting the building from the same door. Plaintiff alleges that she sustained injuries as result of being knocked to the floor of the garage.

Plaintiff alleges that defendant appellee Peachtree was negligent "by maintaining an opaque metal door as its primary means in ingress in said building and only

means of ingress from the building's contiguous parking garage" and she further contends that this negligence was "compounded by the failure of said Defendant to post any warning signs on the entry door or adjacent thereto."

The trial court granted the motion for summary judgment of defendant Peachtree Medical Building, Inc. Defendants Ayer and Wakefield remain in the case. Plaintiff urges reversal of the trial court's grant of summary judgment contending that genuine issues of material fact remain as to the negligence of Peachtree. It is certainly true that "[t]he duty owed an invitee is one of ordinary care and whether this standard of care has been met is usually a question of fact for the jury except in plain and indisputable cases." *Jones v. Monroe Nursing Home,* 149 Ga. App. 582, 584 (254 SE2d 902) (1979). Neither the presence nor absence of negligence should be summarily adjudicated and should be resolved by the trior of facts unless only one conclusion is permissible. *Epps Air Service v. DeKalb County,* 147 Ga. App. 195 (248 SE2d 300) (1978).

However, in the present case plaintiff's assignment of negligence to Peachtree consists only of the contentions that Peachtree should not have had a metal opaque door opening outward into the basement or, in the alternative, that Peachtree should have posted warning signs indicating that the door did open into the basement. There is absolutely no allegation or contention that the door was defective in any way. The actual precipitating cause of plaintiff's injury was, according to plaintiff, the opening of the door by Mr. Wakefield when he "just pushed it on as hard as he could." There being an absence of contention as to defective construction, plaintiff's attempt to predicate negligence upon Peachtree's use of an opaque metal door is without merit. "To authorize a recovery it would have to appear that the [opaque metal door] was less safe than those provided by ordinarily prudent owners and occupiers of land for their invitees. *Pettit v. Stiles Hotel Co.,* 97 Ga. App. 137 (102 SE2d 693); *Kahn v. Graper,* 114 Ga. App. 572, 575 (152 SE2d 10). And see *Roberts v. Wicker,* 213 Ga. 352 (99 SE2d 84)." *Taff v. Harris,* 118 Ga. App. 611 (1) (164 SE2d 881) (1968).

Viability is not influxed into plaintiff's claim by the

argument that Peachtree had a duty to place warning signs at or near the door. It is undisputed that plaintiff had on several occasions used this very door for access to Peachtree's building, that she was aware of the outward movement of the door, and that she had previously encountered, without mishap, others exiting through that door. The duty to warn, a breach of which is tortious and actionable, must be based upon the owner or occupier of property having a superior knowledge over the invitee plaintiff. *Laurens v. Rush,* 116 Ga. App. 65, 70 (156 SE2d 482) (1967); *Herschel McDaniel Funeral Home, Inc. v. Hines,* 124 Ga. App. 47, 49 (183 SE2d 7) (1971). In this case we cannot conceive of any warning sign or device which would impart to plaintiff any knowledge not already possessed by her.

Notwithstanding the usual necessity for jury resolution of issues of negligence and related questions, we have struggled in vain to find any genuine issue of material fact which would preclude the grant of summary judgment under § 56 of our Civil Practice Act (Code Ann. § 81A-156 (c)). Accordingly, "[w]e can find no actionable negligence. See *Lane v. Maxwell Bros. & Asbill, Inc.,* 136 Ga. App. 712 (222 SE2d 184) (1975); *Simmons v. Classic City Beverages, Inc.,* 136 Ga. App. 150 (220 SE2d 734) (1975); *Rich's, Inc. v. Waters,* 129 Ga. App. 305 (199 SE2d 623) (1973); *Zayre of Georgia, Inc. v. Epps,* 127 Ga. App. 128 (192 SE2d 561) (1972); *Tinley v. F. W. Woolworth Co.,* 70 Ga. App. 390 (28 SE2d 322) (1943)." *Raven v. S. S. Kresge Co.,* 140 Ga. App. 799, 800 (232 SE2d 122) (1976). Therefore, we hold that as to defendant Peachtree, the trial court was correct in granting summary judgment.

*Judgment affirmed. Deen, C. J., and Quillian, P. J., concur. Shulman, J., not participating.*

SUBMITTED MAY 29, 1979 — DECIDED
JULY 12, 1979.

*Gershon, Ruden, Pindar & Olim, Jay E. Loeb, Mose S. Hayes, Jr.,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, Robert L. Pennington, Frederick E. Link, Lokey & Bowden, Glenn*

*Frick, Gary Hill,* for appellees.