## 58065. PIPPINS v. BREMAN et al.

QUILLIAN, Presiding Judge.

We consider this appeal taken from the grant of defendant's motion for summary judgment. The plaintiff brought a complaint seeking recovery for personal injuries she sustained. The complaint alleged that defendants were owners of an office building with parking decks located in Fulton County; that connecting the parking decks and office buildings was an enclosed and improperly lit stairwell composed of several flights of smoothly finished steel-edged concrete steps; that while descending the steps on February 20, 1976 en route to the office in the building where she was then employed, the plaintiff slipped and fell on the steps which were at that

time made more slippery than normal by an accumulation of water on the surface of the landing immediately above them. The complaint alleges the defendants as owners of the premises were negligent in the following respects: 1) in allowing the water to accumulate in the passageway creating a hazard; 2) in allowing the enclosed stairwell to be improperly lit thereby reducing the visibility; 3) in allowing the steps to have a smooth finish surface thereby reducing friction and increasing the likelihood of injury to pedestrians; 4) by failing to correct the aforesaid hazardous conditions; and 5) by failing to post signs or otherwise warn persons of the hazardous condition on their premises.

The defendant denied the material allegations of the plaintiff's complaint and after discovery moved for summary judgment. The primary proof considered by the trial judge on motion for summary judgment was the deposition of the plaintiff taken by the defendant. The plaintiff related that on that day in question she parked as usual on the second deck because that was her assigned area and that the only access to the building is through the stairwell, "back into a stairwell. You go down and then up into the building and get on the elevator and go to your floor." It had rained the day before and it rained in the stairwell. There was a big puddle of water there; when the plaintiff tried to step over it she slipped and fell.

The plaintiff further testified on deposition as follows: "A I think I parked on the second deck. You come in the door, and you are on a landing. You go down some stairs, and you are on another landing, and you turn to go down these other stairs (indicating). Q Do you turn to your right? A To your left, and there's a rail there. And when I went downstairs to that second landing, that's where the puddle of water was. And when I say a puddle, well, it wasn't a little puddle, because I could have just stepped over that, which I thought I had. But my foot must have gotten in the water, because when I went to make this turn to go down these stairs, this right foot — because I had on rubber-soled shoes — touched the edge of the step and just went out from under me. I knew then that it was wet, because ordinarily rubber-soled shoes just will not do that . . . I had been going up and down those steps for over

two years. And before I knew anything, there I was with this knee twisted and in a lot of pain. No one was there before me, because it was just before 8:00 in the morning." The plaintiff also testified that in trying to step over the water she had to make a "big step" and that her right foot hit the edge of the step which was metal, slipped and she then fell. *Held:*

On motion for summary judgment the defendant has the onerous burden of establishing that the plaintiff had no basis for recovery. In the case sub judice the plaintiff's testimony did not establish specifically that there was a defect on the stairwell causing the water to puddle. However, it did not reveal that there was no defect but was merely silent as to this matter. The fact that water did puddle on the stairwell when it rained would raise an inference that something was wrong. Nevertheless, since we are considering this case on motion for summary judgment the crucial issue is did the defendant establish as a matter of law there was no defect. The answer is the defendant did not.

It is also urged that the trial judge was correct in granting the motion for summary judgment since the evidence shows that the plaintiff had used the stairs, the landing, and was familiar with the premises for a period of two years. The defendant therefore argues that the plaintiff assumed the risk and failed to exercise ordinary care for her own safety. Here the plaintiff testified that she knew the water puddled in the area when it rained. As the cases have pointed out "there is a difference between mere knowledge of a defect and full appreciation of the risk involved." *Burns v. Great A & P Tea Co.,* 105 Ga. App. 823, 825 (125 SE2d 687). Accord, *Wasserman v. Southland Invest. Corp.,* 105 Ga. App. 420 (124 SE2d 674): *Clayton v. Steve-Cathey, Inc.,* 105 Ga. App. 570, 573 (125 SE2d 118): *Yale & Towne, Inc. v. Sharpe,* 118 Ga. App. 480, 492 (164 SE2d 318). In the *Burns* case, 105 Ga. App. 823, 825, supra, the court pointed out "Although the deposition of the plaintiff showed that she was aware of the fact that the area on which she fell had just been mopped or waxed a few minutes prior to her fall, it was a question for the jury as to whether such knowledge constituted knowledge of the danger involved in walking

on that area of the floor, and whether, in walking on the floor with such knowledge, she was so negligent as to be barred of a recovery. *Rothschild v. First Nat. Bank,* 54 Ga. App. 486 (188 SE 301); *Goldsmith v. Hazelwood,* 93 Ga. App. 466 (92 SE2d 48); *Netherland v. Pacific Employer's Ins. Co.,* 101 Ga. App. 837 (115 SE2d 122)." The proof offered in this case failed to establish as a matter of law that the plaintiff could not recover because of her own negligence.

The trial judge erred granting the defendants' motion for summary judgment.

*Judgment reversed. McMurray, P. J., Smith, Banke and Underwood, JJ., concur. Carley, J., concurs specially. Deen, C. J., Shulman and Birdsong, JJ., dissent.*

Argued July 9, 1979 — Decided October 16, 1979 — Rehearing denied November 8, 1979 —

*F. David Grissett, Jay G. Davis, Bartow Cowden, III, Glen A. Garrett,* for appellant.

*Paul M. Hawkins, Howell Hollis, III,* for appellees.

Carley, Judge, concurring specially.

I concur in the reversal of the grant of defendant's motion for summary judgment and I agree with all that is said in the majority opinion. However, I feel compelled to concur specially so as to express my belief that *Tanner v. Ayer,* 150 Ga. App. 709 (258 SE2d 545) (1979) cited in Judge Birdsong's dissent is distinguishable from, and does not require affirmance of, the trial court's order in the case at bar. It is hoped that the explanatory verbiage of this special concurrence — which otherwise appears unnecessary — will be excused in view of the fact that this writer also wrote the opinion of this court in *Tanner* in which opinion the author of the majority opinion in the instant case concurred. In *Tanner,* as in this case, the plaintiff was not a stranger to the premises and was aware or should have been aware of circumstances similar to that resulting in the injury incurred. However, the record in the case sub judice shows

that there is an issue of fact as to the existence of a *defect* in the maintenance or construction of the building which caused or allowed the water to puddle at the stairway. Conversely, one of the crucial factors compelling our decision in *Tanner* was that, in that case, there was "absolutely no allegation or contention that the [door causing plaintiff's injury] was defective in any way." *Tanner,* supra, p. 710. Accordingly, I believe that the majority is correct in holding that the defendant in this case failed to establish as a matter of law the absence of a defect. It is interesting to note that the dissenting opinion here culminates with a reference to *Holland v. Sanfax Corp.,* 106 Ga. App. 1 (126 SE2d 442), a decision of this court frequently cited for its discussion of the nature and effect of the procedural creature we know as summary judgment. It is to be observed that in *Holland,* this court reversed the trial court's grant of defendants' motions for summary judgment. As enunciated in *Holland,* our courts must ever bear in mind that the statute providing for summary judgment "cannot deprive a party of the opportunity to have a trial of a genuine issue as to any material fact, and it is indeed a great responsibility to say that 'in truth there is nothing to be tried.' " *Holland v. Sanfax Corp.,* supra, 5.

BIRDSONG, Judge, dissenting.

Under the facts and applicable law, I am compelled to dissent from the position advocated by my brothers. The facts of this case, in effect, establish a patent defect. The evidence shows that every time a hard blowing rain occurred, water would accumulate on the landings of the stairwell. It was shown that the stairwell was enclosed but apparently the water seeped through the cinder block wall. This condition had manifested itself on numerous occasions over the two or three years preceding the accident. Ms. Pippins testified that this accumulation of water occurred "all the time." She had negotiated the steps almost daily for over two years and found the puddle of water to be a condition "which was usual." This standing, water condition, under this evidence, created a situation, which I will assume was readily discernible to both Ms. Pippins and the appellees.

It is the general law of this state that where a patent defect is known to the proprietor and the invitee and the invitee continues to act in spite of knowledge of the defect, the invitee assumes any risk incidental to the use of the building involving the patent defect. See *Standard Oil Co. v. Harris,* 120 Ga. App. 768 (172 SE2d 344); *Hyde v. Bryant,* 114 Ga. App. 535 (151 SE2d 925); *Waddell v. Wofford Oil Co.,* 84 Ga. App. 617 (66 SE2d 806).

My brothers seek to avoid the consequences of this rule of law by observing that there is a difference between mere knowledge of a defect and a full appreciation of the risk involved. *Burns v. Great A & P Tea Co.,* 105 Ga. App. 823, 825 (125 SE2d 687). They assert that it is a jury question whether Ms. Pippins' own negligence was the proximate cause of her injuries in the absence of proof that she appreciated the consequences of her actions in attempting to step over the accumulated water. However, Ms. Pippins admitted that she had seen water on the landing many times before and apparently had safely negotiated passage. She indicated that she was aware that if her rubber soled shoes got wet, they would slip on the steel facing of the steps. Notwithstanding this apparent danger, she took a much larger step than usual just to avoid the consequences of getting her shoe soles wet. She admitted that apparently she was unsuccessful in her effort and slipped on the first step. See *Tanner v. Ayer,* 150 Ga. App. 709 (258 SE2d 545).

Restatement of the Law, Torts 2d, § 343A (e), p. 219 in substance states that the basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard, there is no duty on the part of the proprietor to warn him and there is no liability for resulting harm because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risk and dangers instant to the known condition.

Under the facts of this case, by her own admissions, Ms. Pippins acknowledged great familiarity with a recurring problem of dampness, what risk that involved, and notwithstanding that risk, undertook continued passage. To me, there could be no clearer case of assumed risk. In my opinion, there being no issue of fact remaining

as to the assumption of risk by Ms. Pippins and her negligence in taking a "giant" step to avoid the water, the trial court did not err in granting summary judgment to appellee. *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4 (126 SE2d 442). I would affirm the judgment of the trial court.

I respectfully dissent.